Georgia Mae **BYRON**, Administratrix of the Estate of Millard E. Byron, Deceased, Plaintiff,

v.

**BLEAKLEY TRANSPORTATION CO.,** Inc., Defendant.

No. 65-Civ. 478.

United States District Court
S. D. New York.

Nov. 13, 1967.

**414**

Lebovici & Safir, New York City, for plaintiff, by Herbert Lebovici, New York City, of counsel.

Foley & Martin, New York City, for defendant, by Stephen J. Buckley, New York City, of counsel.

CROAKE, District Judge.

### MEMORANDUM

This is a motion by the Bleakley Transportation Co., Inc. (BLEAKLEY), to open a default judgment entered against it on September 22, 1965. The petitioner relies on Rule 60(b) (6), Fed.R.Civ.P., which allows this court to set aside a default for "any other reason justifying relief from the operation of the judgment." To grasp the respective positions of the parties, it is necessary to review the procedural history of this case to date.

The action, which was reduced to default on September 22, 1965, arose from the death of Millard E. Byron, an ordinary seaman, on or about February 16, 1962. Byron died on board the S/S "CARA SEA," a vessel then owned by BLEAKLEY, while the vessel was at the port of Rijeka, Yugoslavia. Apparently, no legal action was instituted until February 15, 1965 (one day short of the applicable period of limitations), when a complaint was filed in this court. Service was made in accordance with 306 N.Y. Bus.Corp.Law, McKinney's Consol.Laws, c. 4, and Rule 4(d) (7), Fed.R.Civ.P., on the Secretary of State of the State of New York, who is authorized to accept service of process for resident corporations. Pursuant to information available to the Secretary, process was mailed by registered mail to one Clarence L. Bleakley at 536 North Broadway, Yonkers, New York.

As appears from the moving papers, Clarence L. Bleakley died in 1926. The process was therefore returned to the Secretary of State.

BLEAKLEY filed its certificate of incorporation with the Secretary of State on April 20, 1917. At the time of Byron's death, BLEAKLEY was doing business at 11 Broadway, New York, New York. Some time subsequent to Byron's death, and apparently for wholly unrelated reasons, BLEAKLEY sold the S/S "Cara Sea" and abandoned its headquarters at 11 Broadway. (See affidavit of G. Rogers Bleakley stating that the date was September 1962.) The corporation's address then became P. O. Box 512, East Norwich, New York, where G. Rogers Bleakley resided until moving to his present address in 1966.

As previously noted, default was entered September 22, 1965. The amount of damages was determined on February 2, 1966 by Judge Cannella of this court after a hearing held on January 24, 1966. Damages awarded exceeded $30,000.

Almost two years after entry of the default judgment, on August 3, 1967, a subpoena duces tecum was served upon Clara T. Bleakley, Vice President and Treasurer of BLEAKLEY, at her home at 52 Charlotte Place, Hartsdale, New York, to take the testimony of G. Rogers Bleakley, Secretary of BLEAKLEY, to determine the assets of the corporation for purposes of satisfying the judgment. This was apparently the first actual notice which any responsible official or functionary of BLEAKLEY had received

concerning the action. Upon receipt of this subpoena, BLEAKLEY immediately took steps to open the judgment.

The Administratrix of Byron's estate argues that BLEAKLEY seeks to open the default on grounds which amount to no more than simple negligence and excusable neglect. (See Rule 60(b) (1), Fed.R.Civ.P.). Rule 60(b) (1), Fed.R. Civ.P., provides that on motion and on terms that are just, the court may relieve a default for excusable neglect but this motion may not be made more than one year from the date the default is entered. Supreme Court dicta and many circuit court cases have taken the position that where excusable neglect is concerned the default may only be challenged within this one year period no matter how appealing attendant circumstances surrounding the particular case appear. See, e. g., Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949); Radack v. Norwegian America Line Agency, Inc., 318 F.2d 538 (2d Cir. 1963). The decisions also indicate that the category created by Rule 60(b) (6) is exclusive of the more particularized reasons for setting aside a default outlined in the Rule. See Rule 60(b) (1)– (5). The result of these two propositions, of course, is to limit any challenge where the defendant's excusable neglect is involved to the grounds of excusable neglect which allows but one year to open the default.

If this were the ordinary case of a simple default with a later attempt by the defendant to open the judgment after the passage of two years, the language of Rule 60(b) as construed by the above cases would dictate that the motion be denied. However, certain aspects of this case distinguish it from the case of an ordinary default judgment. While it is true that failure to update records present in the office of the Secretary of State was the underlying cause of the default, there was more here than simply a case of excusable neglect within the meaning of Rule 60(b) (1). The affidavits indicate that the plaintiff's attorney was aware of a mailing address of BLEAK- LEY throughout the entire proceedings. While admitting this fact, plaintiff's attorney states that time was of the essence in effecting service of process. We do not question the use of a particular method of service which is sanctioned by state law. The plaintiff is entitled to make service on the Secretary of State and need not resort to informal service which might later be vulnerable to attack as insufficient. However, since the plaintiff possessed from the commencement of her action a mailing address through which BLEAKLEY'S legal representatives could be reached, some attempt should have been made to contact the defendant and apprise it of the pending legal action.

BLEAKLEY has sworn through its officials that Byron's death was a natural death and in no wise due to negligence or unseaworthiness of its vessel. The affidavits are accompanied by medical records, thereby establishing that a meritorious defense is possible. Had the circumstances of the death been otherwise, the defendant might have expected a lawsuit. The action was brought long after Byron's death and within one day of the period of limitations at a time when the defendant was no longer engaged in the active conduct of its business. At no time had the defendant been approached by plaintiff or her attorneys with reference to this matter.

The delay in bringing the original action and the failure to contact BLEAK- LEY'S representatives during its pendency might perhaps be explained. But the fact that no attempt was made to execute on a $30,000 default judgment until eighteen months after damages were set causes this court to view the matter with special care in light of the provisions of Rule 60(b).

Using the Rules to the best advantage of one's client is good advocacy and the court casts no aspersions on plaintiff's counsel. But where the net

result of adhering to the letter of the Rules is to thwart rather than to promote justice, the court must be wary of their rigid application. The defendant did not wilfully or negligently disobey service of process (see Tozer v. Charles A. Krause Milling Co., 189 F.2d 242 (3d Cir. 1951); Barron & Holtzoff, Federal Practice & Procedure, § 1329 (Rules ed. 1958), and in an unusual case such as this the court should not be handicapped by the Rules, which are to be construed liberally to achieve justice. Cf. Cavalliotis v. Salomon, 357 F.2d 157 (2d Cir. 1966); Tozer v. Charles A. Krause Milling Co., supra. This is precisely why Rule 60(b) (6) allows relief from the operation of a judgment "for any other reason justifying" such relief. See Barron & Holtzoff, Federal Practice and Procedure, § 1330 (Rules ed. 1958). These other reasons justifying relief from this judgment are present in this case. In accordance with the foregoing, the default is opened, and the defendant is directed to serve a responsive pleading within 10 days of the filing of this memorandum.

So ordered.