JOSEPH CIERRI'S CASE. October 23, 1979. This is a case under § 34 of G. L. c. 152, the Workmen's Compensation Act, wherein the insurer has appealed from a Superior Court judgment. The employee filed a claim for further and continuing total incapacity compensation from August 22, 1975. The workmen's compensation insurer denied that further compensation was due and raised the issues of causal relationship and the extent of the disability. A single member of the Industrial Accident Board found in favor of the employee as to all issues and the reviewing board essentially adopted the report and findings of the single member. We conclude that the findings are fully supported by the evidence, and the judgment is supported by the findings, except in one respect. The findings are that the employee has been and continues to be totally disabled from his work "as a laborer or foreman of laborers." The judgment is reversed, and the case is remanded to the Industrial Accident Board for reconsideration of the evidence to determine whether the employee is totally disabled from remunerative work within the meaning of the statute; i.e., that he is unable to engage in any occupation, or obtain or perform any work for compensation or profit. See *Sullivan's Case*, 218 Mass. 141, 142-143 (1914); L. Locke, Workmen's Compensation § 322 (1968). Cf. *Frennier's Case*, 318 Mass. 635, 638 (1945).

*So ordered.*

*Thomas P. O'Reilly (Ellen S. Cooper* with him) for the insurer.
*Richard G. Haley* for the employee.

BOSTON HOUSING AUTHORITY *vs.* JULIE KENNEDY. November 26, 1979. There was no abuse of discretion in the judge's refusal to remove the nonsuit against the plaintiff on its claim of summary process, nor in the judge's refusal to vacate the plaintiff's default on the defendant's counterclaims. However, with respect to the assessment of damages on the counterclaim for breach of the implied covenant of habitability, we think it was not appropriate for the judge to accept as admitted, without further hearing, the statement of value set out in the pleading. Accordingly, the matter will be remanded to the Housing Court for the City of Boston for an evidentiary hearing to assess damages on that counterclaim.

*So ordered.*

*George F. Mahoney,* Assistant Counsel, for the plaintiff.
*Carol Wagner* for the defendant.