M. CLIFTON EDSON & SON *vs.* DALE W. MCCONNELL & others. May 22, 1980. In a suit for unpaid insurance premiums, judgment was entered for the plaintiff for $12,400, the amount of damages claimed by the complaint. Judgment was based by the trial judge on "the ultimate sanction of default envisioned by [Mass.R.Civ.P.] 37(b) (2) (C), [365 Mass. 799 (1974)]" for failure to make discovery. The record supports the judge's determination that the defendants' responses to discovery had been so consistently dilatory and incomplete as to warrant imposition of sanctions under rule 37(b). *Levings* v. *Forbes & Wallace, Inc.,* 8 Mass. App. Ct. 498, 505 (1979). At least whatever doubts we may have on that score are not sufficient to warrant us in concluding that the judge abused his discretion in deciding that sanctions were in order. See *Jerry Martin Co.* v. *Hyannis Marina, Inc.,* 3 Mass. App. Ct. 746 (1975); *Berube* v. *McKesson Wine & Spirits Co.,* 7 Mass. App. Ct. 426, 433-435 (1979). But as *Henshaw* v. *Travelers Ins. Co.* 377 Mass. 910 (1979), and *Boston Housing Authy.* v. *Kennedy,* 379 Mass. 914 (1979), instruct, in the absence of an account annexed or other liquidated sum, it is not appropriate to award a default judgment granting the full sum set forth in the plaintiff's complaint without holding an evidentiary hearing to assess damages. See *Litton Business Tel. Sys., Inc.* v. *Schwartz, ante* 847 (1980). Contrast *Norman* v. *Young,* 422 F.2d 470, 473-474 (10th Cir. 1970). In this case, the complaint did not have an account annexed and the defendants appear to have raised some creditable defenses. The sanctions which the judge may impose in the instant action include reasonable attorney's fees incurred by the plaintiff in pressing discovery, the denial of a trial by jury (which the defendants sought), and the limitation of further proceedings to an assessment of damages. Accordingly, the judgment is reversed and the matter is remanded to the Superior Court for imposition of sanctions with an evidentiary hearing to assess damages.

*So ordered.*

*Douglas B. Weilding* for the defendants.
*Thomas R. Leedham, Jr.,* for the plaintiff.