ALLAN WHEELER *vs.* SPRINGFIELD SUGAR & PRODUCTS Co. April 1, 1983. In 1968, the plaintiff brought an action against Elm Farm Foods Company (Elm Farm), the defendant's corporate predecessor, seeking damages for personal injuries. A judgment by default upon an assessment of damages was entered on June 5, 1978. See Mass.R.Civ.P. 55(b)(2), 365 Mass. 822 (1974). On April 1, 1981, the plaintiff commenced this suit against the defendant to collect on the judgment. The defendant asserted affirmative defenses (estoppel, laches, and abandonment) as well as a counter-claim under Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974). On cross motions for summary judgment under Mass.R.Civ.P. 56, 365 Mass. 824 (1974), the plaintiff prevailed. The defendant appeals, and we affirm.

1. Because the defendant by counterclaim brought its independent action under rule 60(b) more than one year after the entry of the 1978

judgment, we will not consider those claims which fall within the scope of rule 60(b)(1) and (3), and which are, therefore, time barred. See *Chavoor* v. *Lewis*, 383 Mass. 801, 805-806 (1981). See also Smith & Zobel, Rules Practice §§ 60.15 and 60.16 (1977). The circumstances of the defendant's lack of notice of the entry of the 1978 judgment do not bring the case within subdivision (6) of rule 60(b). The defendant did not receive notice because it was in default. Mass.R.Civ.P. 77(d), 365 Mass. 838 (1974). While the defendant argues that it is "plausible" to "assume" inadvertence and mistake in view of the fact that the corporate merger was taking place at the time of the in-hand service upon an Elm Farm officer, the affidavit of that officer recites only that he has "no recollection of being served." Compare *Chavoor* v. *Lewis*, 383 Mass. at 806.

2. Even assuming the assessment of damages to have been inappropriate, see *Boston Housing Authy.* v. *Kennedy*, 379 Mass. 914 (1979); *M. Clifton Edson & Son* v. *McConnell*, 9 Mass. App. Ct. 930 (1980), the defendant is not entitled to relief under rule 60(b)(4). See *Lubben* v. *Selective Servs. Sys. Local Bd. No. 27*, 453 F.2d 645, 649 (1st Cir. 1972).

3. Assuming without deciding that the defendant could raise by rule 60(b)(6), or by affirmative defense, the plaintiff's alleged delay (laches, abandonment, and estoppel) in attempting to collect on the 1978 judgment (but see *Haynes* v. *Blanchard*, 194 Mass. 244, 246 [1907]; *Capone* v. *Caponi*, 350 Mass. 766 [1966]; cf. *Fino* v. *Municipal Court of the City of Boston*, 326 Mass. 277 [1950]), the defendant has made no showing that any such delay operated to its prejudice. *Blakeley* v. *Pilgrim Packing Co.*, 4 Mass. App. Ct. 19, 23 (1976). Although the defendant argues in its brief that it "changed its position to its detriment by allowing the escrow fund to be depleted and its insurance to lapse," those factual allegations do not appear in the defendant's materials presented to the trial judge in support of its motion for summary judgment and to us by way of the record appendix.

4. Because any evidence of payment of worker's compensation benefits to the plaintiff would be admissible, if at all, only for purposes of impeaching the plaintiff's credibility, see *Nassif* v. *Smith*, 4 Mass. App. Ct. 814 (1976), and cases and authorities therein cited, the defendant's contentions under G. L. c. 231, § 95, are without merit.

5. In light of G. L. c. 156B, § 80(*b*), here applicable by reason of G. L. c. 156B, § 82(*c*), and in view of the fact that in-hand service was made upon an officer of the defendant's corporate predecessor, compare *Byron* v. *Bleakley Transp. Co.*, 43 F.R.D. 413 (S.D. N.Y. 1967), we will not say that the trial judge abused his discretion in balancing equitable considerations in the plaintiff's favor and in concluding that relief was not required under rule 60(b)(6).

6.  The plaintiff's appeal from the judgment, not having been entered in this court, is not properly before us, see Mass.R.A.P. 10(a), as appearing in 378 Mass. 937 (1979), and we do not consider his arguments concerning interest on the judgment.

*Judgment affirmed.*

*Karen D. Hurvitz* for the defendant.
*Jeffrey D. Woolf* for the plaintiff.