[No. 10893-0-I.   Division One.   December 19, 1983.]

RHONDA COLLEEN ALLISON, *Respondent,* v. BOONDOCK'S, SUNDECKER'S & GREENTHUMB'S, INC., *Appellant.*

*Diamond & Sylvester* and *Alan D. Judy,* for appellant.

*Kleist & Davis, Inc., P.S.,* and *Donald K. Davis,* for respondent.

RINGOLD, J.—Boondock's, Sundecker's & Greenthumb's, Inc. (Boondock's) appeals an order denying its motion to vacate a default judgment. Boondock's contends the trial court erred in denying the motion because the judgment was void and was obtained in a deceptive and unfair manner. We find no error and affirm.

Boondock's is a Washington corporation in the restaurant business under its corporate name and as Lion O'Reilly's & B. J. Monkeyshine's (O'Reilly's). On December 21, 1978, the plaintiff, Rhonda Allison, was a customer at O'Reilly's. She attempted to open a viewing window in the booth where she was seated. The window fell, traumatically amputating the tip of her right index finger. Allison incurred medical expenses of $517.10, which Boondock's insurance carrier paid on June 20, 1979.

One year later, Allison filed a personal injury complaint against Boondock's. The complaint alleged that as a result of Boondock's negligence, Allison suffered "permanent . . . personal injuries" and lost wages. The complaint prayed for "general damages in an amount to be proven at the time of trial and for such other sums as the evidence may show to be fair, just and adequate." The complaint was served on Boondock's vice–president at corporate headquarters in Seattle. Boondock's did not answer or appear, and on August 5, 1980, the court entered an order of default against it. Following a hearing on the issue of damages, the court found that Allison suffered $3,740 in lost wages, and that she was left with a permanent disability and suffered $30,000 in general damages. The court entered findings, conclusions and judgment for $33,740 on August 21, 1980. Boondock's did not receive notice of the damages hearing, the presentation of findings and conclusions, or the entry of the judgment. Allison initiated proceedings to collect the

judgment on October 6, 1981. Upon receiving notice of these proceedings, Boondock's moved to vacate the default judgment pursuant to CR 60(b)(5) and (11). The motion was denied, and Boondock's appeals.

## CR 60(b)(5)

Boondock's concedes that it was properly served with the complaint in this action. It contends that the judgment was void for lack of due process because it awarded damages for injuries not specified in the complaint and in an amount exceeding the complaint's prayer.

A party has a due process right to "assume that the relief granted on default will not exceed or substantially differ from that described in the complaint and may safely allow a default to be taken in reliance upon this assumption." *Columbia Vly. Credit Exch., Inc. v. Lampson,* 12 Wn. App. 952, 954, 533 P.2d 152 (1975). A judgment rendered in excess of the relief requested in the complaint without giving the defendant notice and an opportunity to be heard is void to the extent it differs from the complaint. *State ex rel. Adams v. Superior Court,* 36 Wn.2d 868, 872, 220 P.2d 1081 (1950). The judgment may be challenged by a CR 60(b)(5)[1] motion brought within a reasonable time after the entry of judgment. *Columbia Valley Credit,* at 956.

Allison's complaint alleged she had suffered a permanent injury and lost wages, and prayed for general damages in an amount to be proven at trial. This comports with the requirements in RCW 4.28.360[2] for pleading personal

---

[1] CR 60(b) provides, in pertinent part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . .

"(5) The judgment is void".

[2] RCW 4.28.360 provides:

"In any civil action for personal injuries, the complaint shall not contain a statement of the damages sought but shall contain a prayer for damages as shall be determined. A defendant in such action may at any time request a statement from the plaintiff setting forth separately the amounts of any special damages and general damages sought. Not later than fifteen days after service of such request

injury actions. CR 55(b)(2)[3] specifies the procedure to be followed in entering a default judgment where, as here, the amount of damages is uncertain. The rule allows for a hearing on the damages issue and requires the court to make written findings of fact and conclusions of law.

■■ Relying on CR 52(c),[4] Boondock's contends that the defaulting party has a due process right to be notified of the hearing and findings referred to in CR 55(b)(2). A party who fails to timely appear[5] in an action is not entitled to notice of subsequent proceedings, including the presentation of findings and conclusions and the entry of the default judgment. RCW 4.28.210; *see Pedersen v. Klinkert,* 56 Wn.2d 313, 352 P.2d 1025 (1960). CR 52(c) requires notice of the presentation of findings to defeated parties, not to parties adjudged to be in default.

Allison's complaint notified Boondock's she was seeking

---

to the plaintiff, the plaintiff shall have served the defendant with such statement."

[3]CR 55(b)(2) provides:

"*When Amount Uncertain.* If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings as are deemed necessary or, when required by statute, shall have such matters resolved by a jury. Findings of fact and conclusions of law are required under this paragraph."

[4]CR 52(c) provides:

"**Presentation.** Unless an emergency is shown to exist, the court shall not sign findings of fact or conclusions of law until the defeated party or parties have received 5 days' notice of the time and place of the submission, and have been served with copies of the proposed findings and conclusions."

[5]RCW 4.28.210 provides:

"Appearance, what constitutes. A defendant appears in an action when he answers, demurs, makes any application for an order therein, or gives the plaintiff written notice of his appearance. After appearance a defendant is entitled to notice of all subsequent proceedings; but when a defendant has not appeared, service of notice or papers in the ordinary proceedings in an action need not be made upon him. Every such appearance made in an action shall be deemed a general appearance, unless the defendant in making the same states that the same is a special appearance."

an unspecified amount of money damages based on the allegations of permanent injury and lost wages. The court awarded damages for permanent disability and lost wages. The relief granted did not exceed or differ from that requested in the complaint. Because Boondock's was properly served but did not answer or otherwise appear, the court properly entered an order of default against it. Being in default, Boondock's was not entitled to notice of any subsequent proceedings. *Pedersen.* The judgment was not void for lack of due process. The court properly denied the motion to vacate on that ground.[6]

■ Boondock's next contends that the judgment is void because the findings of fact do not set forth the ultimate facts concerning the material issues or the elements for which damages were awarded. Boondock's did not challenge the sufficiency of the findings and conclusions in the trial court. A ground for vacating a judgment under CR 60(b) will not be considered for the first time on appeal. *In re Marriage of Wherley,* 34 Wn. App. 344, 348, 661 P.2d 155 (1983).

## CR 60(b)(11)

Finally, Boondock's contends that the trial court abused its discretion in denying the motion to vacate because the judgment was obtained in an unfair and deceptive manner. Boondock's alleges that Allison and her counsel were deceptive and unfair in (1) failing to notify Boondock's or its insurance carrier that they were contemplating legal action, (2) waiting 1½ years after the incident to file suit, and (3) waiting an additional year before attempting to execute the judgment. Boondock's argues that such conduct warrants relief from the judgment under CR 60(b)(11).

CR 60(b)(11) authorizes a trial court to vacate a judgment for "[a]ny other reason justifying relief from the

---

[6]We note that there is some dispute as to the proper standard of review of denial of a CR 60(b)(5) motion. *See Kennedy v. Sundown Speed Marine, Inc.,* 97 Wn.2d 544, 647 P.2d 30 (1982). We find no error under either of the standards set forth there, abuse of discretion or error of law.

operation of the judgment." Whether a judgment obtained in an allegedly unfair manner falls within the ambit of this rule has not been addressed by the Washington courts. Boondock's relies upon *Byron v. Bleakley Transp. Co.,* 43 F.R.D. 413 (S.D.N.Y. 1967), which applied the federal counterpart to this rule, Fed. R. Civ. P. 60(b)(6), to an allegedly similar situation.

In *Byron,* the plaintiff's decedent died from natural causes while in the defendant corporation's employ. The plaintiff did not file suit until 1 day prior to the expiration of the statute of limitations. Although aware of the defendant's mailing address, the plaintiff made service on the Secretary of State of New York, who was authorized by statute to accept service of process for resident corporations. Because of a change in address, the defendant did not receive the complaint mailed to it by the Secretary. After the default judgment was entered, the plaintiff waited 18 months to execute the judgment. The court found that the defendant had not negligently or willfully disobeyed service of process and concluded that, under the circumstances, the rules should be liberally construed to achieve justice. The court granted the defendant's motion to reopen the judgment pursuant to Fed. R. Civ. P. 60(b)(6).

*Byron* is distinguishable from the case at bench. First, *Byron* was decided at the trial court level. A motion to vacate a default judgment is addressed to the discretion of the trial court. Its decision will be overturned on appeal only if it is clearly shown that the trial court abused that discretion. *Haller v. Wallis,* 89 Wn.2d 539, 543, 573 P.2d 1302 (1978). Thus, the question before this court is whether the court's denial of the motion was based on untenable grounds or untenable reasons. *State ex rel. Carroll v. Junker,* 79 Wn.2d 12, 26, 482 P.2d 775 (1971). Second, the defendant in *Byron* never actually received notice of the suit. Allison made in–hand service upon an officer of the defendant corporation. Boondock's simply did not respond to the complaint. Although Allison's counsel used the civil rules to her advantage, *e.g.,* in waiting more than a year to

execute the judgment, we decline to characterize such action as unfair or deceptive. The record does not reflect an abuse of discretion. *See Wheeler v. Springfield Sugar & Prods. Co.*, 15 Mass. App. Ct. ___, 447 N.E.2d 13, 15 (1983). The trial court properly denied the motion to vacate under CR 60(b)(11).

The order is affirmed.

ANDERSEN, C.J., and DURHAM, J., concur.

Review granted by Supreme Court February 17, 1984.