Jodrey, J.
This is an action in contract and tort in which the plaintiff seeks damages for the defendant’s alleged breach of contract, breach of warranty, negligence and G.L. c. 93A violations in performing certain roofing repairs on the plaintiffs restaurant.
A default judgment was entered upon the defendant’s failure to produce certain discovery documents as ordered by the trial court. The defendant now claims to be aggrieved by the denial of two motions to obtain relief from the judgment.
The plaintiffs complaint, which was filed on February 13, 1984, sought an award of $5,000.00 plus interest, costs and G.L. c. 93A treble damages and attorney’s fees. The defendant was defaulted on March 16,1984, and damages were assessed, after hearing, in the sum of $12,000.00 in accordance with the plaintiffs Dist./Mun. Cts. R. Civ. P., Rule 55(b)(2) motion. Judgment was entered on March 30, 1984.
Approximately three months later, the defendant submitted a motion to remove the default and file an answer late. This motion was allowed on June 29,1984 with an award of $2’50.00 in costs to be paid by the defendant to the plaintiffs attorney.
On August 29,1984, the plaintiff submitted a request for the production of certain documents by the defendant. On October 12,1984, the plaintiff filed a “Motion to Compel Production of Documents and for Sanctions,” which motion bore a certificate of service of notice to defendant’s counsel. This motion was allowed on October 19,1984. The defendant was thereby ordered to comply with the plaintiffs discovery requests within twenty days and to pay costs in the sum of $150.00 to plaintiffs counsel.
Upon the defendant’s failure to comply with this order, the plaintiff submitted a “Motion for Sanctions for Failure to Produce Documents and For *35 Judgment for Plaintiff.” A certificate of service of notice to defendant’s counsel was also attached to this motion. The plaintiffs motion was allowed, and judgment in the sum of $12,000.00 plus costs was entered on November 30, 1984. No hearing for the assessment of damages was held.
One month later, the defendant filed a Dist./Mun. Cts. R. Civ. P., Rule 60(b)(1) motion for relief from judgment on the grounds that the defendant was never notified of the October 19,1984 hearing on the plaintiffs motion for discovery orders and sanctions. In a supporting affidavit filed almost three months later, defendant’s counsel stated that he had received no notice of the plaintiffs November 1985 motion for sanctions andjudgment and the court’s hearing thereon. The defendant’s Rule 60 motion was denied on March 18, 1985, and no appeal was claimed by defendant’s counsel.
The defendant requested late removal of this case to the Superior Court Department on April 26, 1985. Said request was denied.
On June 3,1985, new counsel for the defendant filed, purportedly pursuant to Dist./Mun. Cts. R. Civ.P.,Rule 60(b)(6), a “Motion for Reconsideration” of the court’s denial of the defendant’s earlier Rule 60(b)(1) motion to vacate judgment. The trial court subsequently denied the defendant’s request for reconsideration.
1. The report in this case indicates that no hearing for the assessment of damages was held prior to the court’s November 30, 1984 entry of a $12,000.00 default judgment in the plaintiffs favor. In the absence of an account annexed or other liquidated sum, it is inappropriate to award a default judgment for the full amount claimed in a complaint without holding an evidentiary hearing to assess damages. Boston Housing Auth. v. Kennedy, 379 Mass. 914 (1979); Henshaw v. Travelers Ins. Co., 377 Mass. 910 (1979); M. Clifton Edson & Son v. McConnell, 9 Mass. App. Ct. 930 (1980). Rule 55(b)(1) of the Dist./Mun. Cts. R. Civ. P. guarantees to a defendant who has appeared in an action the right to receive notice of such hearing, and, implicitly, the opportunity to present evidence and otherwise participate in the assessment process. Accordingly, we vacate the trial court’s judgment in the sum of $12,000.00 and remand this case for an assessment of damages to be awarded to the plaintiff.
In assessing damages after default upon a c.93A complaint, a court must remain cognizant that a “default merely establishes the truth of factual allegations and does not operate as a confession by the defendant of his liability and of the plaintiffs right to recover.” Productora e Importado de Papel. S.A. de C.V. v. Fleming, 376 Mass. 826, 834 (1978). A default establishes the validity of all factual allegations except those pertaining to damages. Id. at 833. See also, Plasko v. Orser, 373 Mass. 40 (1977). The plaintiff in the case sub judice seeks recovery of multiple, punitive damages pursuant to G.L.c. 93A. The plaintiffs entitlement to such damages is predicated in the complaint solely upon a reference to thedefendant’s failure to respond to a c. 93A demand letter. See G.L. c. 93A, § 9; Heller v. Silverbranch Construc. Corp., 376 Mass. 621, 627 (1978); Kohl v. Silver Lake Motors Inc., 369 Mass. 795, 803 (1976); Brandt v. Olympic Construc., Inc., 16 Mass.App.Ct. 913, 916 Patry v. Harmony Homes, Inc., 10 Mass. App. Ct. 1, 6 n.6 (1980). As the plaintiff engaged the defendant's roofing services for repairs to its restaurant, the parties’ controversy arose in a business context and thus falls within the provisions of G. L. c. 93A, § 11 rather than §9- Frank J. Linhares Co. v. Reliance Ins. Co., 4 Mass. App. Ct. 617, 620 (1976). See also, Begelfer v. Najarian, 381 Mass. 177, 190-191 (1980). No thirty day demand letter is prerequisite to suit under G.L. c. 93A, § 11, Nader v. Citron, 372 Mass. 96, 99 *36 (1977); Aetna Casualty & Surety Co. v. State Park Ins. Inc., 12 Mass. App. Ct. 986 (1981) and no response to'a gratuitous demand letter can logically be required of a c. 93A, § 11 defendant or be deemed essential to preclude the imposition of punitive damages.[2]
A recovery of double or treble damages is in fact permitted under G.L. c. 93 A, § 11 only if the “court finds that the use or employment of the method of competition or the act or practice was a willful or knowing violation of said section two.” The plaintiff in the instant case has failed, however, to allege that the defendant’s conduct was such a willful and knowing violation of the Consumer Protection Act. As a default establishes only the factual allegations of the complaint, the absence of any claim as to a willful and knowing statutory violation by the defendant precludes an award of multiple damages pursuant to c. 93A, § 11 against the defendant herein.
2. With respect to questions of liability as opposed to damages, no error attended the trial court’s denial of the defendant’s motion for reconsideration of the denial of defendant’s Rule 60(b)(1) motion for relief from judgment.
The defendant’s motion purports to be cognizable as a result for relief pursuant to Dist. Mun. Cts. R. Civ.P. ,Rule 60(b)(6). Rule 60(b)(6) provides relief from judgment only “for any other reason” not set forth in Rule 60(b)(l)-(5). Parrell v. Keenan, 389 Mass. 809, 814-815 (183); Murphy v. Administrator of Div. of Pers. Adm., 377 Mass. 217, 228 (1979). The defendant’s reconsideration motion is grounded however, almost exclusively on suggestions of the excusable neglect of defendant’s initial counsel in failing to comply with court discovery orders. As such negligence, if it could be deemed excusable, would justify relief under Rule 60(b)( 1), it is not a proper basis for a Rule 60(b)(6) motion. Moreover, Rule 60(b)(6) is primarily designed to “accomplish justice” where “extraordinary circumstances warrant relief.” Parrell v. Keenan, at 815; Artco v. DiFruscia, 5 Mass. App. Ct. 513, 517 (1977). Nothing of that character or magnitude has been advanced herein so as to compel the conclusion that the trial justice abused his discretion under Rule 60(b)(6) in refusing to relieve the defendant of the consequences of initial counsel’s neglect.
There is no more merit to the defendant’s motion if it is reviewed strictly as a request for reconsideration. It is a familiar principle that:
where there has been no change of circumstances, a court or judge is not bound to reconsider a case, an issue, or a question of fact or law, once decided .... After the denial of one motion, a second motion based on the same grounds need not be entertained.
Peterson v. Hopson, 306 Mass. 597, 599-600 (1940). Roconsideration may occasionally be arranged “in the light of subsequent events, the public interest or the interest of the parties,” Commonwealth v. Carrunchio, 20 Mass. App. Ct. 943, 944 (1985), or when an initial order, decision or ruling is erroneous as a matter of law. Where, as in the instant case, the initial ruling is untainted by legal error,[3] and the reconsideration motion is not predicated on a dispositive change in the law or parties’ circumstances, a simple denial of a motion to reconsider is a proper exercise of discretion by a trial justice. See Old Colony *37 Bank & Trust Co. of Middlesex County v. Tacey Transport Corp., 10 Mass. App. Ct. 826, 827 (1980).[4]
3. The trial c&urt’s denial of the defendant’s motion for reconsideration is affirmed. Judgment for the plaintiff in the sum of $12,000.00 is vacated. This case is remanded to the trial court for a hearing to assess damages in accordance with this opinion. Judgment is then to be entered for the plaintiff.

Section i I specifically permits, hut does not require, «defendant to tenderán offer ofsetíiement to icsii iet any recovery to simple damages. “The respondent may tender with his answer in any such act ion a written offer of settlement foi single damages. If such tender or settlement is rejected by the petitioner, and if the court finds that the relief tendered was reasonable in relation to the injury actually suffered by the petitioner, then the court shall not award more than single damages

The older to be reconsidered herein was the denial of defendant’s Dist./ Mun. Cts. R. Civ. I*. Rule ii()( h)( 1 ) motion for relief from judgment which was addressed to llie trial justice’s discretion.

Successor counsel’s filing of defendant’s motion for reconsideration in this case in fact appears simply to have been a valiant but u navailing attempt to secure appellate review after the expiration of the Rule 64(c) time for filing an appeal from either the default judgment or the court’s denial of the defendant’s Rule 60(b)(1) motion. The defendant’s appellate rights were forfeited by initial counsel’s failure to request a report within the prescribed time.