[No. 24533-7-II.   Division Two.   July 27, 2001.]

*In the Matter of the Marriage of* SHELLEY LYNN JOHNSON, *Respondent*, and STEVE C. JOHNSON, *Appellant*.

*Albert Armstrong III* (of *Purcell, Smith & Adams, P.L.L.C.*), for appellant.

*Suzan L. Clark*, for respondent.

MORGAN, J. — We are asked to decide whether a dissolution petition alleging that the parties should divide the estimated value of the family home in equal shares provides adequate notice that a default dissolution decree will convey the home to the husband, grant judgment against him for half the home's value, direct him to pay interest at 12 percent per annum, and compel him to execute a deed of trust. We answer no.

Steven C. Johnson and Shelley Lynn Johnson married in 1988 and separated in 1996. On May 21, 1997, Shelley filed a petition for dissolution. She alleged that the family home was worth $280,000 and that each party should receive half of its value. She did not allege that the home should be sold; that the home should be conveyed to Steven; that Steven should owe her a debt; that Steven should pay interest to her; or that Steven should be required to execute a deed of trust.

On May 22, 1997, Steven was served with the petition. Thereafter, he defaulted.

On June 25, 1997, Shelley obtained an order of default, and on August 25, 1997, she obtained a final decree. The decree purported to make her a "judgment creditor" in the amount of $140,000, and him a "judgment debtor" in the amount of $140,000.[1] It stated that the "judgment shall

---

[1] Clerk's Papers (CP) at 31.

bear interest at 12 [percent] per annum[.]"[2] It ordered him to execute a deed of trust "securing [her] interest of $140,000 in the family home[,]"[3] even though it did not clearly convey the house to him.[4] Steven signed a deed of trust on November 5, 1997, but only after Shelley had moved for an order appointing "some other person" under CR 70.[5]

On September 25, 1998, Shelley moved for an order of contempt because Steven "has refused to satisfy the marital lien."[6] Steven then obtained counsel and moved to vacate the decree. He argued that the decree was void because it varied substantially from the petition.

On March 12, 1999, the trial court ruled that its decree "var[ied] from the terms of the Petition in that (1) the Petition did not request an award of the house to either party but recommended that the monetary value be divided equally between the parties and (2) the Findings and Decree required [Steven] to sign a Deed of Trust relative to the home[.]"[7] The trial court concluded that these "variances are not substantial enough to render the final Decree void."[8] The trial court denied the motion to vacate, and Steven filed this appeal.

▆▆▆ When a judgment or decree is entered by default, it

---

[2] *Id.* at 31.

[3] *Id.* at 34.

[4] The decree provides that each party "shall be awarded, as her [or his] separate property, the property set forth in Exhibit 'A.' " *Id.* at 32. Exhibit A does not state that either party is awarded title to the home; it says only that each party shall receive half the home's value. Neither the decree nor Exhibit A legally describes the home. *See, e.g.,* RCW 4.64.030(2)(b). After entry of the decree, Shelley claimed that Steven "was awarded the family home." CP at 41. Steven claimed, however, that he "was not awarded the family home." *Id.* at 55.

[5] CR 70 provides in part that "[i]f a judgment directs a party to execute a conveyance of land or to deliver deeds or other documents or to perform any other specific act and the party fails to comply within the time specified, the court may direct the act to be done . . . by some other person appointed by the court and the act when so done has like effect as if done by the party."

[6] CP at 51.

[7] *Id.* at 97-98.

[8] *Id.* at 98.

"shall not be different in kind from or exceed in amount that prayed for in the demand for judgment."[9] It does not violate due process if it meets this test, because the defendant has "sufficient notice to make an intelligent decision to appear or default.[10] It does violate due process if it fails this test, because the defendant lacks sufficient notice.[11] It is void to the extent it differs.[12]

■ The petition in this case did not allege that Steven should owe Shelley a $140,000 debt; that judgment should be entered on that debt; that Steven should pay interest on that debt; or that Steven should secure that debt by executing a deed of trust. The decree purported to order all these things. These were substantial variations—the interest alone was $1,400 per month—of which Steven had no notice.

The petition in this case alleged that the parties should split the house's value and, as a necessary corollary, that the parties should bear equally the risk they had overvalued the house at $280,000. The decree, if read as Shelley requests, conveyed the house to Steven, gave her a $140,000 judgment—and imposed the entire risk of overvaluation on him. This was another substantial variation of which Steven had no notice.

Based on the foregoing, we hold that the decree substantially varies from the petition with respect to the house; that the petition provided inadequate notice; that Steven's procedural due process rights were violated; and that the

---

[9] CR 54(c).

[10] *Conner v. Universal Utils.*, 105 Wn.2d 168, 172, 712 P.2d 849 (1986) (citing *R.R. Gable, Inc. v. Burrows*, 32 Wn. App. 749, 753, 649 P.2d 177, *review denied*, 98 Wn.2d 1008 (1982), *cert. denied*, 461 U.S. 957 (1983)).

[11] *Conner*, 105 Wn.2d at 173 (citing *State ex rel. Adams v. Superior Court*, 36 Wn.2d 868, 872, 220 P.2d 1081 (1950); *Allison v. Boondock's, Sundecker's & Greenthumb's, Inc.*, 36 Wn. App. 280, 282, 673 P.2d 634 (1983)); *see also In re Marriage of Leslie*, 112 Wn.2d 612, 617, 772 P.2d 1013 (1989).

[12] *Leslie*, 112 Wn.2d at 618 (citing *Stablein v. Stablein*, 59 Wn.2d 465, 466, 368 P.2d 174 (1962); *Sheldon v. Sheldon*, 47 Wn.2d 699, 702-03, 289 P.2d 335 (1955); *Adams*, 36 Wn.2d at 872; *Allison*, 36 Wn. App. at 282; *In re Marriage of Markowski*, 50 Wn. App. 633, 635, 749 P.2d 754 (1988); *In re Marriage of Hardt*, 39 Wn. App. 493, 496, 693 P.2d 1386 (1985)); *see also* CR 60(b)(5).

decree is void with respect to the house. We grant a new trial on the issue of how the house should be divided. We do not disturb the remainder of the decree, which has not been assailed on appeal.

■ Citing RCW 26.09.140, both parties request reasonable attorney fees on appeal. "In exercising our discretion" under that statute, we consider "the arguable merit of the issues on appeal and the financial resources of the respective parties."[13] In order for us to consider their financial resources, they must file financial declarations no later than ten days before oral argument.[14] Neither has done that here, so we decline their requests.

We vacate the decree to the extent it awarded the house, required a deed of trust, and imposed judgment for $140,000. We do not disturb the decree in other respects. We remand the case to the trial court for further proceedings consistent herewith.

HUNT, A.C.J., and SEINFELD, J., concur.

---

[13] *In re Marriage of Griffin*, 114 Wn.2d 772, 779-80, 791 P.2d 519 (1990) (citing *In re Marriage of Fernau*, 39 Wn. App. 695, 708, 694 P.2d 1092 (1984)); *see also* RCW 26.09.140; *In re Marriage of King*, 66 Wn. App. 134, 139, 831 P.2d 1094 (1992).

[14] RAP 18.1(c); *In re Marriage of Moody*, 137 Wn.2d 979, 994, 976 P.2d 1240 (1999); *In re Marriage of Crosetto*, 82 Wn. App. 545, 565-66, 918 P.2d 954 (1996).