Gershengorn, Wendie I., J.
The plaintiff, architectural firm Drummey Rosane Anderson, Inc. (DRA), filed this action seeking to recover fees for services rendered in furtherance of the design for a sports complex to be owned by defendant Plain Street Development, Inc., and to be built by defendant Solid State Co. The matter is before the court on DRA’s motion for sanctions pursuant to Mass.R.Civ.P. 37, and on defendants’ cross motion for the appointment of a discoveiy master. For the following reasons, the plaintiffs motion is ALLOWED and the defendants’ motion is DENIED.
BACKGROUND
In October 2004, DRA entered into a contract with Solid State whereby Solid State agreed to pay DRA $1,105,625 for services, subject to increase should the scope of the project increase. The contract was signed by one Thomas Curran (Curran), treasurer of Solid State. To ensure that it would be paid, DRA demanded and received personal guarantees from Robert, Gary, Stephen and Michael Brait (the Brait brothers). Throughout DRA’s two-year involvement with the project, it dealt exclusively with the Brait brothers and their companies, Brait Builders Corporation (Brait Builders) and Plain Street Development, LLC (Plain Street). At no time did DRA have any communication or contact with Curran. When the Brait brothers stopped paying DRA’s invoices, DRA instituted the instant action.
In response, Solid State asserted three defenses: (1) the work was flawed or incomplete; (2) payment had always been conditional upon Solid State securing a loan which they had been unable to secure; and (3) neither the Brait brothers nor their entities (Brait Builders and Plain Street) were at any time associated with Solid State and thus were not responsible for any monies Solid State may owe DRA. The Brait brothers argue that Solid State has, as its sole representative, Thomas Curran, and thus all demands should be directed to and answered by him.
DRA asserts that, since all its dealings were at all times with the Brait brothers and its entities, and since the brothers personally guaranteed payment, Solid State is merely the front for all the other defendants. Curran, DRA points out, is a handyman/construction worker who has been the boyfriend of the Brait brothers’ mother. Therefore, DRA’s argument goes, the Brait brothers and their entities are hiding behind what essentially constitutes a straw. In order to prove its theory, however, DRA contends that it was essential to depose Curran as the key witness to the real entities behind Solid State.[2] The defendants’ dilatory tactics have prevented Curran’s deposition and form the basis for DRA’s motion. The sequence of events is as follows.
Solid State received DRA’s discovery requests on February 27, 2007. Because Solid State did not answer on time, DRA was prevented from deposing Cur-ran early in these proceedings. Unbeknownst to DRA, Curran was diagnosed with lung cancer in June 2007; he received no treatments during June, July, or August. It was not until September 2007, that the defendants revealed that Curran had cancer and had recently started undergoing chemotherapy and radiation. At that time defendants represented to DRA that Curran was extremely ill and was scheduled to undergo surgery some time in October 2007; under no circumstances, DRA maintained, could he be deposed before the surgery. DRA then filed an emergency motion to compel Curran’s deposition.
At an October 3, 2007, hearing this court asked whether Curran had been diagnosed recently or whether defendants had been aware of Curran’s illness for some time but had failed to so inform DRA; were that the case, the court warned, sanctions might be in order as a result of the defendants’ deliberate delays. In an October 4, 2007, affidavit defendants informed the court that Curran had in fact been diagnosed in early June, that he had undergone no treatment over the summer, and that, contrary to their previous representations, Curran was not yet scheduled for surgery. In order to ascertain Curran’s medical condition, and determine whether he was able to be deposed, this court scheduled a second emergency hearing for October 9, 2007, and ordered the defendants to subpoena Curran’s physician, Dr. Ellen Schepansky. At that hearing, Dr. Schepansky testified that, although Curran was already exhibiting memory and concentration problems, he could be deposed without risk to his health. The parties agreed and represented to this court that Curran would be deposed in two-hour intervals over several days, and in *504 his home; defendants told plaintiff that they would set a date by the end of the week.
At the end of the week, on Friday, DRA called the defendants and left a voice mail. When DRA had not heard back, it left another voice message the following Tuesday. Later that day, the defendants informed DRA that Curran was scheduled for surgery on October 24, 2007, and that they would not produce him for deposition before the surgery. Although defendants then agreed to produce Curran in early December, there is information that Curran is experiencing significant cognitive problems that would prevent DRA from taking a meaningful deposition regarding the nature of Solid State and the role of the Brait brothers in that regard.
DISCUSSION
DRA argues that the defendants’ dilatory tactics and discovery abuse are sufficiently prejudicial that monetary sanctions alone are not sufficient; it therefore requests this court to enter findings that (1) Solid State is the alter ago of the Brait brothers and its entities; and (2) that Solid State agreed to the attached contract setting a payment date of April 1, 2005. DRA also requests reasonable costs and attorneys fees. Defendants counter that a discovery master is necessary in order to avoid the exorbitant attorneys fees requested by DRA and to dispose of discovery issues; it asserts that the parties split the discovery master’s fees equally.
A judge has broad discretion to find that a sanction must be imposed and to assess the appropriateness of the sanction imposed. Mattoon v. City of Pittsfield, 56 Mass.App.Ct. 124, 132 (2002). See also Mass.R.Civ.P. 37(b). Where a party has deliberately delayed discovery, a court may order that party to forego a claim or defense. Mass.R.Civ.P. 37(b)(2)(B). If any discovery delay or failure to produce was wilful, a heavy sanction is an appropriate means of ensuring the integrity and efficiency of the discovery process. Corsetti v. Stone Co., 396 Mass. 1, 26 (1985). Sanctions are not only designed to compel compliance, but also to act as a deterrent to unwarranted evasions of discovery. Id.
In this case, the defendants failed to inform DRA that Curran was ill in a timely fashion, thus preventing his deposition during the summer months, when he was not undergoing possibly debilitating treatments and before he experienced any cognitive impairments. The defendants also failed to produce Curran following the disclosure of his illness but before any possibly life-threatening surgery. If, as the defendants argue, Curran is the sole principal of Solid State, a tenuous claim at best, their actions have deprived DIRA of the ability to defend against this theory and to establish that Solid State is merely a front for the Brait brothers and their entities. The defendants’ responses to discovery in this regard has been consistently dilatory and incomplete so as to prejudice DRA’s case in a manner that renders monetary sanctions insufficient. For this reason, the court finds that more serious sanctions are appropriate. To that end, the court concludes that the defendants must forego any defense that Curran is the sole representative of Solid State; they therefore cannot argue in any further proceeding that DRA must direct its claims against Curran. Additionally, DRA is to be awarded reasonable attorneys fees and costs incurred in pressing discovery. See M. Clifton Edson & Son v. McConnell, 9 Mass.App.Ct. 930 (1980).
ORDER
For the foregoing reasons, it is ORDERED that the plaintiffs motion for sanctions be ALLOWED to the extent that defendants must forgo any defense that asserts Curran to be the sole entity behind Solid State. It is further ORDERED that DRA be awarded reasonable attorneys fees and costs. Defendants’ motion is DENIED.

Another key witness, Gary Brait, has filed a Chapter 13 Petition for Bankruptcy and is therefore subject to an automatic stay, preventing him from submitting to a deposition or answering any interrogatories.