FILED
COURT OF APPEALS
DIVISION II

2013 OCT -1 AM 9: 10

STATE OF WASHINGTON
BY_____
DEPUTY

## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Marriage of: | |
| RICHARD B. FERGUSON,<br><br>                Respondent, | No. 43303-6-II |
| v. | UNPUBLISHED OPINION |
| PAMELA A. FERGUSON,<br><br>                Appellant. | |

MAXA, J. — Pamela Ferguson appeals the trial court's denial of her motion to vacate a dissolution decree entered after her default, claiming that the decree should be vacated as void under CR 60(b)(5) because the property distribution provisions exceeded the relief requested in her former husband's petition for dissolution. Specifically, she argues that the property division was extremely one-sided and therefore exceeded the petition's request that the trial court order a "fair and equitable" division. She also argues that the trial court abused its discretion in denying her request for attorney fees. We disagree, and affirm.

### FACTS

After 11 years of marriage, Richard and Pamela Ferguson[1] separated in April 2004. Richard filed a petition for dissolution of marriage in August. The petition alleged that the parties owned community or separate property and requested that the trial court make a "fair and

---

[1] Because the parties have the same last name, we refer to them by their first names for clarity.

equitable" division of all community and separate property and all the debts and liabilities. Clerk's Papers (CP) at 2. The petition's "relief requested" section asked for entry of a decree of dissolution and division of the parties' property and liabilities.[2] CP at 4. Although Pamela was served personally with the summons and petition for dissolution, she did not appear or answer. The court entered an order of default on September 1, and a copy of the order was mailed to Pamela.

On December 14, 2004, Richard appeared before the court for a formal proof hearing. Because she was in default, Pamela did not receive notice of this hearing and did not appear. Richard presented a proposed division of property and liabilities. Richard's only testimony regarding the parties' property and debts/liabilities was that his proposed division was "fair and equitable". Report of Proceedings (RP) (Dec. 14, 2004) at 4. He presented no other substantive evidence regarding the division.

The trial court adopted Richard's proposed division of property and liabilities and incorporated the division into written findings of fact/conclusions of law and the dissolution decree. The decree awarded the family home and significant other property, as well as most of the community debts, to Richard. The decree awarded Pamela minimal property and debt. In a written conclusion of law the trial court ruled that the division was fair and equitable. Richard did not serve Pamela with a copy of this final decree.

In late December 2004 or early January 2005, Pamela moved back into the family home. The parties dispute the nature of this arrangement and whether Pamela knew the dissolution was final. The relationship eventually deteriorated, and in September 2011 Richard filed an unlawful

---

[2] Richard used the "short form" mandatory dissolution form. RCW 26.09.006.

detainer action to remove Pamela from the home. Pamela was evicted from the residence on November 17.

On December 16, 2011, Pamela moved the trial court to vacate the 2004 dissolution decree under CR 60(b) and also requested an award of attorney fees. The commissioner denied the motion to vacate, and the trial court denied Pamela's motion for revision and request for attorney fees. Pamela moved for reconsideration, arguing that the trial court had erred in ruling that vacating a void judgment was within the court's discretion. The trial court denied reconsideration and clarified that its previous ruling did not rely on whether the decision to vacate a void judgment was discretionary.

Pamela appeals, arguing that the dissolution decree is void and should be vacated under CR 60(b)(5).[3]

## ANALYSIS

A.   MOTION TO VACATE – CR 60(b)(5)

CR 60(b)(5) provides that a court may relieve a party from a final judgment if the judgment is void. Pamela argues that the dissolution decree is void because the decree's property division was "extremely one-sided", and therefore exceeded the petition's request that the trial court order a fair and equitable property division. Br. of Appellant at 15. We disagree.

1.   Standard of Review

Generally, a decision to grant or deny a motion to vacate a judgment under CR 60(b) is within the trial court's sound discretion and will not be disturbed absent an abuse of discretion.

---

[3] Pamela also sought to vacate the decree under CR 60(b)(4) (fraud) and (11) (other). The commissioner denied relief on those grounds, and Pamela does not seek review of those portions of the order.

*In re Marriage of Hughes*, 128 Wn. App. 650, 657, 116 P.3d 1042 (2005). However, courts have a mandatory, nondiscretionary duty to grant relief from void judgments. *Ahten v. Barnes*, 158 Wn. App. 343, 350, 242 P.3d 35 (2010). Therefore, we review de novo a trial court's decision to grant or deny a CR 60(b)(5) motion to vacate a void judgment. *Ahten*, 158 Wn. App. at 350.

### 2. Timeliness of Motion

Pamela filed her motion to vacate under CR 60(b)(5) seven years after the trial court entered the dissolution decree. Notwithstanding the "reasonable time" requirement of CR 60(b), motions to vacate void judgments under CR 60(b)(5) may be brought at any time. *Ahten*, 158 Wn. App. at 350. Accordingly, Pamela's CR 60(b)(5) motion to vacate was timely.[4]

### 3. Mandatory Duty To Vacate Void Judgments

Pamela argues that we must reverse because the trial court stated that its decision to vacate a void judgment was discretionary. As we noted above, this statement was incorrect. *See Ahten*, 158 Wn. App. at 350 (stating that courts must vacate void judgments). However, on reconsideration the trial court clarified that because it did not declare the judgment void, its denial of Pamela's motion did not depend on whether vacating a void judgment was discretionary or mandatory. In any event, because our review is de novo the trial court's erroneous statement is immaterial.

### 4. Validity of Decree

The primary issue in this case is whether the trial court erred in not finding the dissolution decree void. CR 54(c) provides that a "judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." In other words, a

---

[4] Pamela alleges that the trial court denied her motion to vacate on the basis that it was untimely, but we disagree. In its oral ruling the court discussed timeliness, but ultimately considered the motion on its merits.

court may not enter a default judgment or decree that grants relief in excess of or substantially different from that described in the complaint. *Hughes*, 128 Wn. App. at 658. A default judgment or decree that grants such relief without notice and opportunity to be heard denies the defaulting party procedural due process and is void. *In re Marriage of Johnson*, 107 Wn. App. 500, 503-04, 27 P.3d 654 (2001). The key is that the complaint or petition must provide the defendant " 'sufficient notice to make an intelligent decision to appear or default.' " *Johnson*, 107 Wn. App. at 504 (quoting *Conner v. Universal Utils.*, 105 Wn.2d 168, 172, 712 P.2d 849 (1986)).

In this case, the dissolution petition gave Pamela notice that Richard was requesting a division of all property and liabilities. The "relief requested" portion of the petition expressly asked for that division. This notice was sufficient to inform Pamela that she needed to appear in order to have any input in that division. Pamela complains that the petition did not specify the property being divided, but the broad petition language – calling for a division of *all* property – should have provided an even greater incentive to appear and defend. Further, the decree of dissolution in fact provided the exact relief requested – a division of all property and debts/liabilities.

Pamela relies on *Johnson*, where the wife filed a dissolution petition alleging that the family home was worth $280,000 and that each party should receive one-half its value. 107 Wn. App. at 502. She subsequently obtained an order of default and a final decree that awarded the family home to the husband, made the wife a " 'judgment creditor' " and the husband a " 'judgment debtor' " in the amount of $140,000, and provided for interest to accrue on the "judgment" amount. *Johnson*, 107 Wn. App. at 502-03. The decree also ordered the husband to execute a deed of trust securing the wife's $140,000 interest in the home. *Johnson*, 107 Wn.

No. 43303-6-II

App. at 503. We held that the decree was void because its terms varied substantially from the relief requested in the petition. *Johnson*, 107 Wn. App. at 504-05.

*Johnson* is distinguishable. The petition in *Johnson* put the husband on notice that only the specified value of the family home would be divided equally between husband and wife. 107 Wn. App. at 502, 504. The additional provisions that the husband would owe the wife a $140,000 debt, pay interest on that debt, secure the debt by executing a deed of trust on the home, and bear the entire risk of overvaluation of the home were substantially different than the relief requested. *Johnson*, 107 Wn. App. at 504. In contrast, here the petition generally requested a division of all property and debts/liabilities. The decree provided that division and nothing more.

The fact that Pamela now contends that the division was unfair does not mean that the decree terms were substantially different than the notice she received of Richard's request for a "fair and equitable" division of property. The trial court has considerable discretion in fashioning a property distribution that is equitable. *In re Marriage of Farmer*, 172 Wn.2d 616, 624, 259 P.3d 256 (2011) (citing RCW 26.09.080). The entry of a decree and a conclusion of law stating that the property division was fair and equitable – regardless of Pamela's opinion – are sufficient to satisfy any due process concerns because Pamela was put on notice that the trial court would be dividing the parties' property.

A contrary rule would give the defaulting party greater rights to challenge a trial court's judgment than a party who appeared and answered. A party cannot move to vacate a judgment under CR 60(b)(5) merely because it belatedly seems unfair. However, under the rule Pamela advocates, a defaulting party would be able to challenge a judgment's fairness under CR 60(b)(5)

6

whenever a plaintiff requested fair relief in a petition or complaint. And there would be no time limit on such a challenge. The law does not require such a result.

### 5. Trial Court Evidence

Pamela also argues that the trial court should have required more evidence at the formal proof hearing besides Richard's testimony that the property division was fair and equitable. She points out that RCW 26.09.080 requires the trial court to consider "all relevant factors" when making a property disposition, and argues that the trial court did not consider such factors. Br. of Appellant at 16 (emphasis omitted).

However, Pamela is seeking relief from a final judgment, not appealing as a matter of right the trial court's original property division. Insufficiency of the evidence is not grounds for vacating a judgment under CR 60(b). *Burlingame v. Consol. Mines & Smelting Co.*, 106 Wn.2d 328, 336, 722 P.2d 67 (1986). The proper means for challenging sufficiency of evidence or other alleged errors of law is an immediate appeal of the judgment. *Burlingame*, 106 Wn.2d at 336; *In re Marriage of Tang*, 57 Wn. App. 648, 654-56, 789 P.2d 118 (1990) (applying rule to characterization and valuation of property in dissolution action). We reject this collateral attack on the trial court's conclusion that the property division was fair and equitable.

We hold that the trial court's property division did not substantially deviate from the petition's request for a "fair and equitable" division, and therefore that the default decree is not void under CR 60(b)(5). Accordingly, we affirm the trial court's denial of Pamela's motion to vacate.

### B. ATTORNEY FEES

Pamela alleges that the trial court abused its discretion by not awarding her attorney fees under RCW 26.09.140. And both parties request attorney fees and costs on appeal. We hold that

7

the trial court did not abuse its discretion in denying Pamela's fee request. In addition, we deny the parties' requests for fees and costs on appeal.

1.    Trial Court Fees

Under RCW 26.09.140, the trial court may award attorney fees "after considering the financial resources of both parties." The trial court must balance the needs of the requesting party against the other party's ability to pay. *In re Custody of Brown*, 153 Wn.2d 646, 656, 105 P.3d 991 (2005). A challenge to a decree entered under the dissolution statute is a continuation of the original action, and therefore fees may be awarded under RCW 26.09.140 on a motion to vacate. *In re Marriage of Moody*, 137 Wn.2d 979, 993-94, 976 P.2d 1240 (1999).

We review a trial court's decision to grant or deny a statutory attorney fee award for abuse of discretion. *In re Marriage of Coy*, 160 Wn. App. 797, 807, 248 P.3d 1101 (2011). A trial court abuses its discretion if its decision is based on untenable grounds or untenable reasons. *Farmer*, 172 Wn.2d at 625.

In its oral ruling denying Pamela's motion to revise, the trial court stated that "[e]ach party can pay their own" and declined to order fees. RP (Feb. 24, 2012) at 20. The parties' financial information submitted for the trial court's consideration demonstrated that both parties' monthly expenses exceeded their respective monthly incomes by approximately double. Both parties had regular income and neither appeared well-situated to pay the opposing party's costs and fees. Accordingly, we hold that the trial court did not abuse its discretion in denying Pamela's request for attorney fees.

2.    Fees on Appeal

Pamela now requests attorney fees and costs on appeal under RAP 18.1 and RCW 26.09.140. We have discretion to order a party to pay for the cost of maintaining the appeal and

attorney fees in addition to statutory costs. RCW 26.09.140. When awarding attorney fees, we examine the arguable merit of the issues and the parties' financial resources. *Johnson*, 107 Wn. App. at 505. In order to receive attorney fees on appeal, a party must file a financial affidavit with the court no later than 10 days before oral argument. RAP 18.1(c). Because Pamela failed to file an affidavit of need, she is not entitled to fees under RCW 26.09.140.

Richard also requests fees and costs on appeal based on his allegation that the appeal is meritless and pursued in bad faith. However, Richard has not provided any citation to authority to support his position, and therefore we deny his request for fees on appeal. RAP 18.1(b); *Stiles v. Kearney*, 168 Wn. App. 250, 267, 277 P.3d 9, *review denied*, 175 Wn.2d 1016 (2012).

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record pursuant to RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

HUNT, J.

WORSWICK, C.J.

9