[No. 12848. Department One. February 7, 1916.]

Thomas Freeborn, *Respondent*, v. Chewelah Copper King Mining Company, *Appellant*.[1]

Appeal—Record—Abstract. No abstract of the record is necessary in a case coming up on a transcript containing the pleadings, and of less than one hundred pages.

Pleading—Amendments—Name of Defendant. Where a complaint against the "Copper King Mining Company" was served on the president of "The Chewelah Copper King Mining Company" and the record clearly showed that it was the intention to sue the latter company, the court properly authorized an amendment of the complaint accordingly.

Appearance — Answer After Amendment — Sufficiency — Judgment by Default. Where, after amendment of a complaint as to the name of the defendant, defendant, in compliance with an order to elect, elected to stand upon its amended answer already filed, which contained a general denial, there was a sufficient appearance by the defendant; and it was error to grant a judgment for plaintiff by default.

Appeal from a judgment of the superior court for Stevens county, Jackson, J., entered October 14, 1914, upon default of the defendant, in an action to foreclose labor liens. Reversed.

*S. P. Domer*, for appellant.

*R. A. Thayer*, for respondent.

Mount, J.—This is an appeal from a default judgment entered against the appellant. The respondent moves to dismiss the appeal because the appellant has not made an abstract of the record. The case comes up on a transcript containing the pleadings in the case and does not contain one hundred pages. No abstract was, therefore, necessary. The motion is therefore denied.

The action was begun to foreclose certain liens of laborers upon mining property alleged to be owned by the appellant.

[1]Reported in 154 Pac. 1095.

The appellant was designated in the complaint as the Copper King Mining Company, a corporation. Service of the summons and complaint was made upon S. P. Domer, president of The Chewelah Copper King Mining Company, a corporation. After service of the complaint, Mr. Domer appeared as attorney and filed a demurrer to the complaint, and thereafter an answer; and later an amended answer, in which it was alleged that the Copper King Mining Company had been dissolved by operation of law by its failure to pay the state license, and that, prior to its dissolution, it sold and disposed of all its assets. The amended answer then denied all the allegations of the complaint.

Thereafter, upon showing made, the trial court permitted the complaint to be amended by inserting the words "The Chewelah" before the name "Copper King Mining Company," so that the complaint as amended was against "The Chewelah Copper King Mining Company, a corporation." Thereafter, upon motion of the plaintiff for default, the court ordered as follows:

"The Chewelah Copper King Mining Company, a corporation, is hereby ordered and directed to elect, and advise the court of its action, within five days from the date of this order, whether or not it will stand upon its original answer on file herein, or further plead in said cause; and in the event that said defendant fails to elect within the time herein specified, then in that instance said motion for default shall be granted, without further notice."

This order was dated October 7, 1914. Thereafter, on the 13th day of October, 1914. Mr. Domer appeared and filed an election to stand upon the amended answer theretofore filed in the case. Thereafter, on the next day, the trial court entered a judgment by default, from which this appeal is prosecuted.

It is strenuously argued by the appellant that the plaintiff has sued the wrong company; and authorities are cited that, in such a case, the complaint is of no effect and the court

should have dismissed the action because it had no jurisdiction of the defendant. But in this case, while the defendant was named as the "Copper King Mining Company, a corporation," the record shows that the president of "The Chewelah Copper King Mining Company" was served; and it was clearly the intention of the parties to sue The Chewelah Copper King Mining Company. Under the showing which was made, we think the court properly authorized an amendment of the name; and that when the defendant, after being served and notified of the amendment, elected to stand upon the amended answer which had been filed, and which was a general denial, that was a sufficient appearance.

But we are satisfied the court erred in granting a default judgment. Before the default judgment was signed by the court, the appellant had on file an amended answer denying the allegations of the complaint. He had elected to stand upon that answer. In short, the issues were made up; and it was the duty of the court to set the case down for trial, and not grant a judgment by default under those conditions.

The judgment is therefore reversed, and the cause remanded for trial upon the complaint and amended answer.

MORRIS, C. J., CHADWICK, FULLERTON, and ELLIS, JJ., concur.