[No. 12855–8–I.   Division One.   August 5, 1985.]

C. RHYNE & ASSOCIATES, *Respondent*, v. ALLEN B. SWANSON, *Appellant*.

*W. Kirkland Taylor,* for appellant.

*Donald Osborne,* for respondent.

PETRIE, J.*—Defendant Allen Swanson appeals the denial of his motion for relief from default judgment. Finding that the defendant's failure to answer was due to excusable neglect, we reverse.

On June 20, 1982, plaintiff, C. Rhyne and Associates, a Washington corporation, had defendant Allen B. Swanson served with a summons and complaint for unpaid debt and mortgage foreclosure. The bases of the complaint were a note and mortgage, both signed by the defendant in connection with an earlier lawsuit between the parties. The defendant served a timely answer on the plaintiff, but the plaintiff chose to abandon that complaint and neither party filed pleadings with the court. On September 10, 1982, the plaintiff, through new counsel, served a new complaint on the defendant. Although titled differently, the subject matter and request for relief were nearly the same as those of the June complaint. Believing this new complaint to be a continuation of the June lawsuit, the defendant did not serve a new answer. On October 1, having had no response from the defendant, the plaintiff brought a motion for default. A superior court commissioner entered an order of

---

*Judge Harold J. Petrie is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

default that same day. On October 8, the defendant's attorney filed with the court a notice of appearance and answer and counterclaim. The defendant's attorney states that he had copies of the document served on the plaintiff as well. On October 14, another commissioner entered findings of fact and conclusions of law and a default judgment which ordered foreclosure and sale of the defendant's property. The defendant then filed a "Motion for Review of Order of Default or Relief From Default" on November 4. A superior court judge orally ordered that the judgment be vacated, but upon plaintiff's motion for reconsideration, entered a written order denying Swanson's motion. Swanson appeals this order.

■ We first address the plaintiff's argument that this court may not review the defendant's contentions because the defendant did not appeal from the default judgment. Although Swanson did not appeal directly from the judgment, he did move within 20 days to set it aside. We find his motion timely, as such a motion may be brought within a reasonable time and not more than 1 year after the judgment. CR 60(b). The trial court's decision on the motion may be appealed, and this court will review the decision for an abuse of discretion. Although appeal from a denial of a CR 60(b) motion is not a substitute for appeal from the judgment, Swanson's appeal from the denial of his motion is properly before us. *Bjurstrom v. Campbell*, 27 Wn. App. 449, 452, 618 P.2d 533 (1980).

The second issue is whether, as Swanson argues, the defendant was entitled to notice of the presentation and signing of the judgment and findings of fact and conclusions of law.

■■ CR 55[1] governs entry of default and entry of

---

[1]CR 55 provides in pertinent part:

"**(a) Entry of Default.**

"(1) *Motion.* When a party against whom a judgment for affirmative relief is sought has failed to appear, plead, or otherwise defend as provided by these rules and that fact is made to appear by motion and affidavit, a motion for default may be made.

default judgment. Under the forerunner of CR 55, once a defendant has been properly adjudged to be in default, the defendant "cannot contest the subsequent proceedings and is not entitled to further notice thereof." *Pedersen v. Klinkert*, 56 Wn.2d 313, 320, 352 P.2d 1025 (1960). CR 55 itself is silent on the issue of notice of presentation of a default judgment, and in the absence of a clear indication of intent to change the *Pedersen* holding, we will not presume that CR 55 is such an innovation on the common law. *See Green Mt. Sch. Dist. 103 v. Durkee*, 56 Wn.2d 154, 161, 351 P.2d 525 (1960). Thus, once the court has properly made an entry of default, the defendant is not entitled to notice of the presentation of judgment or findings. *Allison v. Boondock's, Sundecker's & Greenthumb's, Inc.*, 36 Wn. App. 280, 283, 673 P.2d 634 (1983).

Nevertheless, we conclude that defendant's motion to set aside the default judgment should have been granted.

---

"(2) *Pleading After Default.* Any party may respond to any pleading or otherwise defend at any time before a motion for default and supporting affidavit is filed, whether the party previously has appeared or not. If the party has appeared before the motion is filed, he may respond to the pleading or otherwise defend at any time before the hearing on the motion. If the party has not appeared before the motion is filed he may not respond to the pleading nor otherwise defend without leave of court. Any appearances for any purpose in the action shall be for all purposes under this rule 55.

"(3) *Notice.* Any party who has appeared in the action for any purpose shall be served with a written notice of motion for default and the supporting affidavit at least 5 days before the hearing on the motion. Any party who has not appeared before the motion for default and supporting affidavit are filed is not entitled to a notice of the motion, except as provided in rule 55(f)(2)(A).

". . .

"(b) **Entry of Default Judgment.** As limited in rule 54(c), judgment after default may be entered as follows, if proof of service is on file as required by subsection (b)(4):

"(1) *When Amount Certain.* When the claim against a party, whose default has been entered under section (a), is for a sum certain or for a sum which can by computation be made certain, the court upon motion and affidavit of the amount due shall enter judgment for that amount and costs against the party in default, if he is not an infant or incompetent person. No judgment by default shall be entered against an infant or incompetent person unless represented by a general guardian or guardian ad litem. Findings of fact and conclusions of law are not necessary under this subsection even though reasonable attorney fees are requested and allowed."

■ "Default judgments are not favored in the law." *Griggs v. Averbeck Realty, Inc.*, 92 Wn.2d 576, 581, 599 P.2d 1289 (1979). "The fundamental guiding principle" in the area of defaults should be to do justice. *Griggs,* at 582. Here, the trial court was aware when it denied the defendant's motion that the defendant had already answered the previous complaint. The trial court abused its discretion in not finding that Swanson's failure to answer the September complaint was "excusable neglect" under CR 60(b)(1).

CR 3(a) provides that a civil action "is commenced" by service of a summons and complaint. Thus, the plaintiff commenced an action against Swanson by serving the June summons and complaint even though that complaint was never filed. Swanson served a timely answer. Despite the defendant's appearance, the plaintiff obtained a default judgment by serving a nearly identical complaint 3 months later, which the defendant failed to answer. Under the circumstances, defendant was negligent in not answering the new complaint, but such negligence was clearly excusable.

■ In reviewing a denial of a CR 60(b) motion to vacate a default judgment, we consider not only whether the failure to answer was due to mistake, inadvertence, surprise or excusable neglect on the part of the defendant, but also whether the defendant has made out a prima facie defense to the plaintiff's claim. *White v. Holm,* 73 Wn.2d 348, 352, 438 P.2d 581 (1968). This latter factor presents a slight problem, as the defendant violated CR 60(e)(1) by failing to support his motion to vacate with a statement of the facts constituting his defense. *Griggs,* at 583. However, the answer, filed after entry of default, raises lack of consideration, res judicata, and setoff. The defendant's primary defense is that he received no consideration for the note he signed. The plaintiff claims that he had paid the defendant for certain precious metals which later turned out to be worthless, but the defendant asserts that plaintiff had paid a partial advance, and that the metals were actually worth much more. Swanson claims that he signed the note as evidence of the money he had received. Swanson has thus

shown a prima facie, albeit tenuous, defense. Such a showing on the record is sufficient, however, to support a motion to vacate. *Griggs*, at 583. Furthermore, where the defendant moves promptly to vacate and has a strong case for excusable neglect, the strength of the defense is less important to the reviewing court. *White v. Holm, supra* at 353.

Because we hold for defendant Swanson, we deny plaintiff's request for attorney's fees. The order of the trial court is reversed, and we remand this case with instructions to vacate the default judgment.

RINGOLD and WEBSTER, JJ., concur.