[No. 33498-4-II. Division Two. August 1, 2006.]

BRETT L. DURYEA ET AL., *Respondents*, v. MICHAEL E. WILSON, *Appellant*.

---

234

*Roy A.H. Rainey*, for appellant.
*Gregory P. Norbut*, for respondents.

¶1 PENOYAR, J. — Michael Wilson appeals the trial court's denial of his motion to vacate a default judgment obtained by Brett and Michelle Duryea. Because the trial court entered the default order and judgment when Wilson was not in default, we reverse.

## FACTS

¶2 Wilson and Brett Duryea were co-owners of a business, Absolute Marble & Tile, Inc.[1] For reasons that are disputed, the business foundered. Duryea sued Wilson, claiming that Wilson had contracted to replace Duryea as personal guarantor of Absolute's debts and to indemnify Duryea in exchange for Duryea's shares of stock but had failed to do so, resulting in Duryea paying the debts.[2] Duryea served Wilson with the summons and complaint.

¶3 Wilson hired an attorney, who filed an answer to the complaint, responding to the allegations of every paragraph of the complaint. Wilson's attorney then withdrew from representing Wilson, effective January 17, 2005.

---

[1] The business is also a defendant in this action but is not a party to this appeal.

[2] Wilson has a different version, set forth in the affidavits accompanying his motion to vacate the default judgment.

¶4 On January 20, 2005, Duryea filed a motion to amend the complaint to add a single paragraph claiming a right to reasonable attorney fees and court costs under the shareholder agreement should he prevail. The amendment did not change the remainder of the original complaint.[3] Duryea served Wilson with the motion by sending it to his previously listed home address via "regular mail." Wilson did not appear at the hearing, and the court granted the motion to amend on February 18, 2005.

¶5 Duryea then filed the amended complaint, serving it on Wilson by substitute service on an adult resident of Wilson's home on March 1, 2005. Wilson did not file an answer to the amended complaint.

¶6 On March 24, 2005, Duryea filed a motion for default, supported by an affidavit by his attorney that recited only that he had served Wilson with the amended complaint, that Wilson had not answered, that the time to do so had expired, and that Wilson was not an active member of the military. The affidavit did not mention Wilson's complete answer to the earlier complaint. An employee of Duryea's attorney filed a declaration of mailing; Wilson disputes whether he actually received notice of the motion.

¶7 In a brief hearing on April 15, 2005, the court granted Duryea's order of default; Wilson did not appear. Duryea then moved for a default judgment against Wilson. Duryea apparently did not try to serve Wilson with this motion or the proposed judgment. In another brief hearing on April 29, 2005, the court granted Duryea's requested default judgment without entering findings of fact or conclusions of law and apparently without even reviewing his affidavit.

---

[3] Duryea asserts in his brief that the amended complaint also contained appendix B, the purported "Buy Sell Agreement" referenced in both the original and amended complaints, but (according to Wilson) it was not attached to the copy of the original complaint served on Wilson. Duryea argues that including this appendix meant that the amended complaint was substantially different than the one which Wilson had already answered, since Wilson's answer did not address the specifics of the nonattached document. But the copy of the amended complaint actually filed with the trial court (and presumably served on Wilson) still does not appear to contain this appendix.

¶8 Duryea next sought to execute his judgment by seizing Wilson's sailboat, filing for a writ of execution on May 11, 2005. When the sheriff sought to seize his boat for sale, Wilson rehired his attorney, who filed a motion to vacate the default order and judgment on June 10, 2005; he also moved to stay the sheriff's sale, set for June 24, 2005. In supporting declarations, Wilson claimed to have received the motion to amend the complaint and the amended complaint itself. Because the amended complaint had but one new paragraph, he saw no need to file a new answer. He claimed not to have received the motion for default. As noted, Wilson's declarations also alleged various facts as a defense to Duryea's claims.

¶9 After hearing argument on June 24, 2005, the trial court denied Wilson's motion to vacate the default judgment. The court focused on whether Duryea had properly served Wilson with notice of the motion for default under CR 55(a)(3) and CR 5(b)(2). Finding that he had done so, the court denied the motion on that basis alone. Wilson appeals.

## ANALYSIS

¶10 Wilson argues several bases to vacate the default judgment: (1) improper notice of the motion for default, (2) excusable neglect or procedural irregularity, (3) lack of findings of fact supporting the amount of the judgment, and (4) lack of default status at the time of the default order because he had answered the original complaint. Because we agree that Wilson was not in default when the court entered the default order, we need not address Wilson's other arguments.

¶11 As we have previously held, "[d]efault judgments are generally disfavored in Washington based on an overriding policy which prefers that parties resolve disputes on the merits." *Showalter v. Wild Oats*, 124 Wn. App. 506, 510, 101 P.3d 867 (2004). While we review the denial of the motion to vacate for abuse of discretion, "[o]ur primary concern" is to ensure that the trial court's decision was "just

and equitable." *Showalter*, 124 Wn. App. at 510. We are more likely to find an abuse of discretion and to reverse a trial court decision refusing to vacate a default judgment than one that sets aside such a judgment. *White v. Holm*, 73 Wn.2d 348, 351-52, 438 P.2d 581 (1968); *Showalter*, 124 Wn. App. at 511.

■ ¶12 Nevertheless, a motion to vacate a default judgment ordinarily must make the showing required by CR 60(b) and satisfy the four-factor test established in *White*, 73 Wn.2d at 352-53. *See, e.g.*, *Johnson v. Cash Store*, 116 Wn. App. 833, 841-42, 68 P.3d 1099 (2003); *Shepard Ambulance, Inc. v. Helsell, Fetterman, Martin, Todd & Hokanson*, 95 Wn. App. 231, 237-39, 974 P.2d 1275 (1999). However, when the trial court improperly entered the original default order, that is, when the defendant was not truly in default, then the defendant need not meet these tests to set aside a judgment. *Tiffin v. Hendricks*, 44 Wn.2d 837, 844-47, 271 P.2d 683 (1954); *Whatcom County v. Kane*, 31 Wn. App. 250, 252-53, 640 P.2d 1075 (1981). Instead, the defendant is entitled to have the default judgment set aside as a matter of right, with no required showing of a meritorious defense. *Tiffin*, 44 Wn.2d at 847.

■ ■ ¶13 A party against whom a claim is made is in default when the party fails "to appear, plead, or otherwise defend as provided by these rules." CR 55(a)(1). Even if a party has appeared in an action, if the party then fails to answer a pleading required by, or to file a responsive pleading listed in, CR 7(a),[4] the party may still enter default. *See Tacoma Recycling, Inc. v. Capitol Material Handling Co.*, 34 Wn. App. 392, 395, 661 P.2d 609 (1983) (interpreting CR 55(a)(1) to have the same meaning as the

---

[4] That rule provides as follows:

**Pleadings**. There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross claim, if the answer contains a cross claim; a third party complaint, if a person who was not an original party is summoned under the provisions of rule 14; and a third party answer, if a third party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third party answer.

CR 7(a).

analogous federal rule); *see Gen. Lithographing & Printing Co. v. Am. Trust Co.*, 55 Wash. 401, 402, 104 P. 608 (1909). However, a party which has filed such pleadings is not in default. *Tacoma Recycling*, 34 Wn. App. at 395. An attorney's withdrawal from representation does not withdraw what the attorney has filed for the party. *See Tiffin*, 44 Wn.2d at 843-44.

¶14 We are unaware of any published Washington appellate case in which a defendant answered the original complaint and was found to be in default for failure to file an answer to an amended complaint, especially when the amendment does not substantially alter the original. Duryea cites us to no such case. Instead, existing Washington precedent suggests otherwise. When the defendant has previously answered the plaintiff's complaint, a failure to answer an amended complaint that makes no substantial changes does not create a default. *Matson v. Kennecott Mines Co.*, 101 Wash. 12, 29, 171 P. 1040, *modified on reh'g en banc*, 103 Wash. 499, 175 P. 181 (1918); *see Freeborn v. Chewelah Copper King Mining Co.*, 89 Wash. 519, 521, 154 P. 1095 (1916) (defendant elected to stand on its earlier answer rather than file a new answer to the amended complaint); *cf. C. Rhyne & Assocs. v. Swanson*, 41 Wn. App. 323, 324, 327, 704 P.2d 164 (1985) (defendant's failure to file answer to complaint identical to one defendant earlier answered excusable when plaintiff had abandoned the earlier complaint and simply filed a new action making identical claims).

¶15 Here, Wilson had answered the original complaint. The amended complaint added only one paragraph claiming the right to attorney fees and court costs and changed nothing else. We cannot say that Wilson's failure to file an answer to the amended complaint was a failure to defend. Duryea was certainly aware of Wilson's intent to defend and on what grounds Wilson intended to defend.[5] We note

---

[5] While opposing vacation below, Duryea emphasized Wilson's failure, while unrepresented, to respond to Duryea's request for admissions. However, this was not the basis for the default order; Duryea sought that solely on the basis of

further that neither an amended complaint nor an amended answer are pleadings contained in the list found at CR 7(a).[6] As Wilson was not in default when the trial court entered the default order, he was entitled *as a matter of right* to an order vacating the default judgment. *See Tiffin*, 44 Wn.2d at 847. The trial court thus erred when it denied Wilson's motion to vacate.

¶16 We reverse the denial of the motion to vacate and remand for further proceedings consistent with this opinion.

¶17 While neither party has yet prevailed on the underlying dispute, Wilson has prevailed in this apeal and is entitled to the attorney fees he incurred in obtaining this result and is awarded such fees on compliance with RAP 18.1.

HOUGHTON and BRIDGEWATER, JJ., concur.

Reconsideration denied January 23, 2007.

Wilson's failure to answer the amended complaint (and without informing the trial court of Wilson's previous answer). Wilson's failure to respond to the discovery request might affect the issues and proof at trial, but it does not mandate an order of default.

[6] We do not hold that a failure to answer an amended complaint would never create a default. In many possible factual scenarios, such a failure would place the defendant in default, but here it does not.