IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| MUSTAFA IDRIS, | No. 78145-6 |
| Respondent, | |
| v. | DIVISION ONE |
| GENESIS CHIROPRACTIC GROUP L.L.C., a Washington State Corporation, and MASUD HASAN and JANE DOE HASAN, | UNPUBLISHED OPINION |
| Defendants, | |
| GIRMA AYELE and JANE DOE AYELE, | |
| Appellants. | FILED: August 5, 2019 |

ANDRUS, J. — Girma Ayele appeals a default judgment entered against him. He contends the trial court failed to properly apply CR 60 when it denied his motion to vacate an order of default. Although Ayele, who is representing himself in this appeal, has cited the incorrect court rule governing the basis for reversal, we nevertheless conclude we cannot overlook the key procedural error in this case— the trial court erroneously entered an order of default against Ayele without notice to him. We therefore reverse the order of default and default judgment against Ayele and remand.

## FACTS

Ayele and Masud Hasan managed a chiropractic business, Genesis

Chiropractic L.L.C.[1] Ayele and Hasan agreed to pay Mustafa Idris $3,000 a month, in two equal payments, to treat chiropractic patients at Genesis. Ayele and Hasan also agreed to pay Idris an additional 50 percent of all payments Genesis received for patients that Idris brought to Genesis.

Idris treated patients at Genesis between November 10, 2014 and March 27, 2015. In those four months, he received four checks—one was returned for insufficient funds and another was for less than half of the agreed biweekly amount. Genesis never paid him for his January work. Idris complained about not being paid on time and could not get a straight answer from Ayele or Hasan on who was in charge of issuing his checks. He finally learned there were insufficient funds to pay him. He stopped treating patients at Genesis on March 27, 2015.

Idris sued Ayele, Hasan, and Genesis for breach of contract, unjust enrichment, promissory estoppel, negligent misrepresentation, and Consumer Protection Act[2] violations in November 2015. He alleged he was owed $13,274.29 in damages for unpaid services rendered while Idris treated patients at Genesis' facilities. He sought the entry of a judgment for this sum certain, plus costs, and attorney fees.

Idris served Hasan and Genesis on November 7, 2015. Idris served Ayele, who was in Africa at the time Idris filed his complaint, on December 9, 2015. Hasan filed a pro se notice of appearance on December 2, 2015, and Ayele filed a pro se notice of appearance on December 29, 2015.

---

[1] Neither Hasan nor Genesis are parties to this appeal and are mentioned only in so far as their involvement in the underlying matter is necessary to explain Ayele's appeal.

[2] Chapter 19.86 RCW.

On December 17, 2015, Idris filed a motion for orders of default against Hasan and Genesis with the assigned judge, who elected to refer the matter to King County Superior Court's Ex Parte Department.[3] On January 6, 2016, a court commissioner in the Ex Parte Department denied the motion because it was unclear whether Hasan's notice of appearance was on his own behalf or on behalf of Genesis, an LLC. Because Hasan was not a member of the Washington State Bar, the commissioner concluded Hasan could not represent Genesis and instructed Idris's counsel to note the motion for a hearing.

As instructed, Idris refiled his motion for orders of default against all defendants on January 7, 2016,[4] and noted the motion for a hearing before the Ex Parte Department for January 20, 2016. He served all three defendants with the notice of court date, the motion, and all the supporting documentation. In this motion, Idris acknowledged that Hasan and Ayele had filed notices of appearance but stated correctly that they had failed to answer the complaint.

For reasons that are unclear from the record, a commissioner entered Idris's orders of default against Ayele and Genesis the very next day, on January 8, 2016. The commissioner denied Idris's motion against Hasan because of Hasan's notice of appearance. Again, the commissioner informed Idris's counsel he needed to

---

[3] The assigned judge may refer a motion for default to the Ex Parte Department, even if a party has appeared. The parties will advise the commissioner that the assigned judge referred the motion to the Ex Parte Department. See KING COUNTY, WASH., DEP'T OF JUDICIAL ADMIN., EX PARTE MOTIONS & HEARINGS MANUAL § II.e. (rev. Dec. 24, 2015), *available at* https://www.kingcounty.gov/~/media/courts/Clerk/docs/misc/ExParteMotionsHearingsManual.ash x?la=en.

[4] Ayele points out that he was not included in the first motion for an order of default that Idris filed. This fact is of no consequence here. Hasan and Genesis were served before Ayele. Thus, when Idris had to refile the motion, he properly included Ayele in that motion because, at that point, 20 days had elapsed since he served Ayele.

note the motion for a hearing and provide notice to Hasan. Given that Ayele had also filed a notice of appearance by this time, it is unclear from the record why the commissioner did not treat Idris's motion against Ayele in the same manner. While Ayele had notice of the January 20, 2016 hearing date, he was unaware that a commissioner intended to rule ex parte on Idris's motion for an order of default before that date.

When counsel for Idris learned that his motion for an order of default had been granted as against Ayele but not as against Hasan, he did not bring this error to the court's attention. Instead, he moved for entry of a default judgment against Genesis on January 13, 2016, which a commissioner granted and entered on January 14, 2016. He also filed and served a motion for default judgment against Ayele on January 19, 2016. A commissioner denied this motion on January 20, 2016, because it was supported only by Idris's counsel's declaration, not by the declaration or affidavit of a person with actual knowledge.

Ayele, assuming a hearing on Idris's motion would occur on January 20, 2016, filed a response to the motion on January 19, 2016. In this declaration, he testified that Idris's counsel had misrepresented, in his motion, that none of the defendants had communicated with him after serving the complaint. Ayele represented that he had been communicating with Idris's counsel since December 24, 2015, in an attempt to resolve the claims through mediation, or absent that, to request time to retain counsel for Genesis. He challenged the authenticity of the checks Idris had attached to the complaint, asserting that they did not match any

checks that Genesis had written to Idris. Ayele asked the court to deny the motion for an order of default and allow him time to answer the complaint.

Counsel for Idris, knowing the court had already entered default orders on January 8, 2016, assumed the January 20, 2016 hearing had been stricken by the Ex Parte Department. But the hearing on Idris's motion for orders of default apparently remained on the court's calendar. Ayele appeared in person for the hearing; a commissioner attempted to reach Idris's counsel by phone, and when the commissioner received no answer to his call, he struck the hearing. The commissioner did not tell Ayele that an order of default had already been entered.

Ayele filed an answer on April 12, 2016. In this answer, Ayele denied liability and pleaded unclean hands, a failure to mitigate, and the fact that payment had been made to Idris to which Ayele was entitled to an offset. Thus, within three months of the entry of the order of default, Ayele disputed the amount owed to Idris.

Between April and June 2016, the parties engaged in discovery and settlement negotiations in an attempt to settle the case. At the end of June 2016, apparently when the parties hit an impasse in their negotiations, counsel for Genesis moved to vacate the order of default and default judgment entered against it, and Ayele moved to vacate the default order entered against him. Ayele argued that he and Idris's counsel had corresponded before Idris filed the motion for default, contradicting Idris's counsel's representation that none of the defendants had attempted to communicate with him. He pointed out the procedural error that had occurred in January when the commissioner entered the order of default 12

days before the motion had been noted for a hearing. Although Ayele challenged the procedure by which Idris obtained his orders of default, he did not submit any evidence challenging Idris's claims.

In opposing these motions, Idris submitted a detailed declaration identifying the agreement he had reached with Ayele and Genesis, the monies he had been paid, the payments he was owed, the checks he had received from Genesis, and the patients he had treated for Genesis.

At oral argument on the motions to vacate on July 29, 2016, the trial court acknowledged that Idris had originally noted the default motions for a hearing on January 20, 2016, and had provided notice to all three defendants. It also recognized that, unbeknownst to Idris, a commissioner entered the default orders on January 8, 2016, prior to the scheduled hearing date. It nevertheless denied Ayele's motion to vacate the order of default,[5] finding Ayele had waited eight months to bring the motion and, thus, had failed to demonstrate due diligence in seeking to vacate the order of default. The trial court also found Ayele had presented no meritorious defense to Idris's allegations.

Between September 2016 and January 2018, the case appears to have made no progress toward resolution.[6] Despite the existence of an answer on file, Idris moved for entry of a default judgment against Ayele on January 31, 2018. Idris's motion was based solely on the complaint and the declaration of counsel.

---

[5] The trial court also denied Genesis' motion to vacate the default judgment.

[6] The lengthy delay is due, in part, to Ayele's unsuccessful appeal of the 2016 orders, which this court dismissed when, after several extensions, Ayele failed to file an opening brief. Ayele's first appeal is immaterial to this appeal as an order of default is an interlocutory order, from which an immediate appeal ordinarily cannot be taken. 4 KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE CR 55 author's cmt. 18, at 360 (6th ed. 2013).

Idris's counsel did not resubmit Idris's declaration with the motion, despite having previously been denied the same request for relief because of a lack of evidence from someone with personal knowledge of the allegations in the complaint. Nor did Idris alert the court to the fact that Ayele had filed an answer to the complaint challenging the amount Idris sought as damages.

The court initially denied the motion as having been improperly noted for the Ex Parte Department and instructed Idris to resubmit the motion to the assigned judge. The assigned judge considered Ayele's opposition to the motion, which focused on alleged procedural defects. Ayele did not present factual evidence to dispute the requested damages. The assigned judge granted the default judgment on February 22, 2018.

Ayele appeals.

## ANALYSIS

Ayele's notice of appeal seeks review of the default judgment entered on February 22, 2018. In his brief, Ayele assigns a single error: "The trial court abused its discretion in failing to utilize CR 60 as a mechanism to determine the balance between finality and fairness in issuing its default judgment against Appellant." Ayele's briefing, however, focuses on the trial court's decision to deny his motion to vacate the order of default. Ayele appears to confuse the default order entered in January 2016, and his efforts to vacate that order, with the default judgment entered in February 2018.

We recognize that Ayele is representing himself in this appeal. Although pro se litigants are held to the same rules of appellate procedure and substantive

law as attorneys, <u>Westberg v. All-Purpose Structures, Inc.</u>, 86 Wn. App. 405, 411, 936 P.2d 1175 (1997), we have the discretion to construe his assignments of error liberally, RAP 1.2(a) ("These rules will be liberally interpreted to promote justice and facilitate the decision of cases on the merits. Cases and issues will not be determined on the basis of compliance or noncompliance with these rules except in compelling circumstances where justice demands . . . ."); <u>see also</u> <u>Reichelt v. Raymark Indus., Inc.</u>, 52 Wn. App. 763, 765, 764 P.2d 653 (1988). Idris has responded to Ayele's arguments relating to the 2016 order denying the motion to vacate the default order. The parties thus appear to agree that the scope of the appeal encompasses both the default order and the default judgment. <u>See</u> <u>State v. Olson</u>, 126 Wn.2d 315, 318-24, 893 P.2d 629 (1995) (court can consider issue on appeal, notwithstanding technical violation of procedural rules, when nature of challenge has been made clear without prejudice to opposing party).

Furthermore, related orders that "prejudicially affected" the designated decision and were entered before an appellate court accepts review are subject to potential review. <u>Clark County v. W. Wash. Growth Mgmt. Hearings Review Bd.</u>, 177 Wn.2d 136, 145, 298 P.3d 704 (2013) (quoting <u>In re Dependency of Brown</u>, 149 Wn.2d 836, 840 n.2, 72 P.3d 757 (2003)); <u>see also</u> RAP 2.4(b). Our Supreme Court has clarified that "prejudicially affects" means that the order appealed from would not have happened but for the first order. <u>Right-Price Recreation, LLC v. Connells Prairie Cmty. Council</u>, 146 Wn.2d 370, 380, 46 P.3d 789 (2002). Here, we will address Ayele's arguments regarding the trial court's denial of his motion to vacate the 2016 default order, even though not identified in the notice of appeal

or specifically identified in any assignment of error, because the 2018 default judgment would not have happened but for the 2016 default order.

Reaching the merits of the appeal, the Civil Rules provide different standards for vacating orders of default and default judgments. CR 55(c)(1), 60(b); see also In re Estate of Stevens, 94 Wn. App. 20, 30, 971 P.2d 58 (1999). Thus, CR 60(b)(4) does not apply to Ayele's motion to vacate the default order, and Ayele's reliance on that rule is misplaced.

We review a trial court's decision on a motion to vacate a default order for an abuse of discretion, which will not be found unless it plainly appears the trial court "exercised its discretion on untenable grounds or for untenable reasons, or that the discretionary act was manifestly unreasonable." Stevens, 94 Wn. App. at 29. While our review is for an abuse of discretion, "'[o]ur primary concern' is to ensure that the trial court's decision was 'just and equitable.'" Duryea v. Wilson, 135 Wn. App. 233, 237-38, 144 P.3d 318 (2006) (alteration in original) (quoting Showalter v. Wild Oats, 124 Wn. App. 506, 510, 101 P.3d 867 (2004)).

An order of default may be vacated upon a showing of good cause. CR 55(c)(1); see also Stevens, 94 Wn. App. at 30. Good cause may be established by demonstrating excusable neglect and due diligence. Stevens, 94 Wn. App. at 30. CR 55(c)'s good cause standard is deliberately vague to allow courts discretion to make rulings based on the particular circumstances of the case at hand. See 4 KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE CR 55 author's cmt. 20, at 362 (6th ed. 2013).

Here, it was the court who mistakenly granted a motion that was not properly before it. It was not Ayele's fault that the court entered the default order without his knowledge and in a manner inconsistent with court rules and basic due process. Idris had calendared his motion for a hearing with the court on January 20, 2016. Yet, the record contains no explanation for why, after ordering Idris's counsel to note the default motion for a hearing, the court then granted the same motion without a hearing just days later. The commissioner denied the motion for the order of default against Hasan because he had entered a notice of appearance but did not do the same for the motion against Ayele, even though Ayele had also filed a notice of appearance. We can only assume the commissioner simply overlooked the notice of appearance Ayele had filed, the prior order requiring Idris to note the motion for a hearing, and the hearing notice Idris's counsel had filed.

The trial court was on notice of these court errors and nevertheless found that Ayele did not exercise due diligence because he waited eight months to file his motion to vacate the order of default. But in fact, Ayele filed the motion five months, not eight months, later. The default order was entered in mid-January, and he moved to vacate it at the end of June. In the interim, Ayele not only filed an answer, he also continuously negotiated with Idris's counsel to try to settle the matter. And Idris's counsel was certainly aware that he obtained his order of default against Ayele in error, and he took no steps to bring this error to the attention of the court.

Moreover, by the time Ayele did have a chance to present his case before the assigned judge, he had filed an answer, contesting the sum of money Idris

sought and challenging the authenticity of the checks Idris identified in the complaint as having issued from Genesis. There is nothing to suggest that the passage of time impaired Idris's ability to prosecute his claim against Ayele. We cannot find sufficient evidence to support the trial court's finding that Ayele failed to exercise due diligence, and we conclude the trial court's decision to deny Ayele's motion to vacate the default order was neither just nor equitable.

When the trial court improperly enters a default order—in other words, when the defendant was not truly in default—then the defendant need not make the showing required[7] to set aside a judgment. Duryea, 135 Wn. App. at 238. Instead, the defendant is entitled to have the default judgment set aside as a matter of right, with no required showing of a meritorious defense. Id. Because we conclude the entry of the default order was an abuse of discretion, Ayele is entitled to vacation of the default judgment.

Reversed and remanded.

WE CONCUR:

_Andrus, J._

_____

_Appelwick, C.J._

---

[7] To vacate a default judgment a party must show excusable neglect, due diligence, a meritorious defense, and no substantial hardship to the opposing party. CR 60(b); see also White v. Holm, 73 Wn.2d 348, 352, 438 P.2d 581 (1968).