FILED
9/22/2025
Court of Appeals
Division I
State of Washington

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| DARIO DE PASQUALE,<br><br>       Respondent,<br><br>  v.<br><br>CHRISTOPHER KERL,<br><br>       Appellant. | No. 87230-3-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

DÍAZ, J. — Dario De Pasquale sued Christopher Kerl for unlawful eviction. When Kerl failed to answer the complaint, De Pasquale moved for an order of default and default judgment. The day before the scheduled hearing, Kerl filed, but did not correctly serve, a motion to dismiss De Pasquale's complaint. The trial court found Kerl in default and entered a default order and judgment against him. The court also denied Kerl's motion to vacate the default order and judgment. Kerl appeals, asserting that the order and judgment should have been vacated because he was not in default. We agree, reverse and remand for further proceedings.

I.  BACKGROUND

De Pasquale rented a property located in Seattle from Kerl starting in September 2017. On or about March 18, 2022, Kerl served De Pasquale with a notice to terminate tenancy, attesting that he intended to occupy the property as

his primary residence.  De Pasquale filed a lawsuit against Kerl, alleging that Kerl's assertion of intended occupancy was not true and thus he served the notice in violation of RCW 59.18.650 and Seattle Municipal Code 22.205.070.

De Pasquale served Kerl a copy of the summons and complaint via certified mail on May 14, 2024.  On August 12, 2024, counsel for Kerl filed a notice of limited appearance in the matter.  On August 19, 2024, De Pasquale filed a motion for order of default and default judgment.  De Pasquale noted the hearing on the motion for August 30, 2024.

On August 29, 2024, Kerl filed a motion to dismiss De Pasquale's complaint. Although he sent a copy to plaintiff's counsel via email, Kerl did not correctly serve De Pasquale with a copy of the motion until after the August 30 hearing.  Kerl also did not obtain a date for the hearing on his motion to dismiss prior to filing.  The trial court granted De Pasquale's motion for default, finding that Kerl "has not filed an Answer or other responsive pleading."  The court issued an order of default and simultaneously entered a default judgment in De Pasquale's favor for $14,900 in damages, plus $327.49 in costs and $2,476.50 in attorney fees.

Kerl then filed a motion to vacate the default order under CR 55(a)(2) and CR 60(b)(1), (3), (4), and (11).  The trial court denied the motion.  In its order, the trial court concluded that Kerl's motion to dismiss was not properly filed and served in accordance with King County Local Civil Rules (KCLCR) 7 and 12 and, thus, Kerl had "failed to timely defend within the meaning of CR 55(a)(2)."  The trial court further concluded that relief was not warranted under any of the cited provisions of CR 60(b).

2

Kerl appeals.

## II.     ANALYSIS

### A.  Whether the Trial Court Erred by Finding Kerl in Default

"Default judgments are generally disfavored in Washington based on an overriding policy which prefers that parties resolve disputes on the merits." Showalter v. Wild Oats, 124 Wn. App. 506, 510, 101 P.3d 867 (2004).  We review a ruling on a motion to vacate a default judgment for abuse of discretion.  Fowler v. Johnson, 167 Wn. App. 596, 604, 273 P.3d 1042 (2012).  "'An abuse of discretion is present only if there is a clear showing that the exercise of discretion was manifestly unreasonable, based on untenable grounds, or based on untenable reasons.'" Mitchell v. Wash. Inst. of Pub. Policy, 153 Wn. App. 803, 821, 225 P.3d 280 (2009) (quoting Moreman v. Butcher, 126 Wn.2d 36, 40, 891 P.2d 725 (1995)).  "[W]e are less likely to reverse a trial court decision that sets aside a default judgment than a decision which does not." Showalter, 124 Wn. App. at 511.

Pursuant to CR 55(a)(1), a plaintiff may move for a default order against a defending party if the party "has failed to appear, plead, or otherwise defend as provided by these rules and that fact is made to appear by motion and affidavit." Where the defending party has appeared but has not otherwise filed a responsive pleading, the plaintiff may still move for a default order, provided that the plaintiff serves the motion for default and affidavit on the defending party five days before the hearing on the motion.  CR 55(a)(3).  A default judgment may be entered against the defending party only after the court has entered an order finding the defending party in default.  CR 55(b).

If the defending party has appeared before the plaintiff filed the motion for default, "the party may respond to the pleading or otherwise defend at any time before the hearing on the motion." CR 55(a)(2). A party who complies with this rule cannot be deemed to be in default and a default order cannot be entered. Duryea v. Wilson, 135 Wn. App. 233, 239, 144 P.3d 318 (2006). A party who was not in default at the time a default order was entered is entitled to vacation of the default order and any subsequent default judgment as a matter of right. Id. at 238.

Here, Kerl asserts that he was not in default when the trial court entered the default order because he had filed a motion to dismiss the day prior to the scheduled hearing. De Pasquale, on the other hand, contends that, because Kerl did not correctly serve him with a copy of the motion to dismiss prior to the hearing and did not properly note the motion in accordance with King County Local Civil Rules, Kerl did not "respond or otherwise defend" against the complaint and was therefore in default. We agree with Kerl.

De Pasquale urges us to hold that "otherwise defend" as used in CR 55(b) requires the party to adhere to all procedural rules governing the filing and service of motions. "We interpret court rules the same way we interpret statutes, looking to the rule's plain language to determine its meaning." State v. Jieta, 12 Wn. App. 2d 227, 230, 457 P.3d 1209 (2020). "We determine a rule's plain meaning by considering its text, surrounding context, related provisions, and the regulatory scheme as a whole." Id. If the rule is unambiguous, we do not resort to other means of statutory interpretation. Id. at 230-31.

The plain language of CR 55(a)(2) is unambiguous: a party that defends

4

against a claim by the plaintiff is not in default. The rule does not additionally require perfection of service of the responsive pleading. Other provisions of CR 55 contain specific service requirements. For example, CR 55(a)(3) states, "Any party who has appeared in the action for any purpose shall be served with a written notice of motion for default and the supporting affidavit at least 5 days before the hearing on the motion." (Emphasis added.) However, CR 55(a)(2) does not contain any service requirement. Where a rule uses certain language in one provision but not in another, that difference is reflective of the intent of the rule's drafters. Cf. United Parcel Serv., Inc. v. Dep't of Revenue, 102 Wn.2d 355, 362, 687 P.2d 186 (1984). Had the rule drafters intended proof of service to be a prerequisite to avoiding default, they would have said so.[1]

Similarly, CR 55(a)(2) does not require that a defending party strictly adhere to local procedural rules for scheduling of motions to avoid default. CR 55(a)(2) plainly states that a defending party "may respond to the pleading or otherwise defend at any time before the hearing on the motion." (Emphasis added.) Local procedural rules, such as KCLCR 4 and 12, cannot be read to shorten this deadline. Jones v. City of Seattle, 179 Wn.2d 322, 344, 314 P.3d 380 (2013) ("The local rules may not be applied in a manner inconsistent with the civil rules[.]").

Even if we were to find CR 55(a)(2) ambiguous, we would still hold that Kerl

---

[1] While not binding on our court, we note that federal courts construing Federal Rule of Civil Procedure 55 have held similarly. See, e.g., Rashidi v. Albright, 818 F. Supp. 1354, 1355-56 (D. Nev. 1993), aff'd, 39 F.3d 1188 (9th Cir. 1994) ("Failure to 'otherwise defend' presumes the absence of some affirmative action on the part of a defendant which would operate as a bar to the satisfaction of the moving party's claim.").

had "otherwise defended," such that he was not in default at the time the default order was entered. Courts in our state have repeatedly held that CR 55 should be construed liberally, in keeping with the court's policy disfavoring default judgments. Morin v. Burris, 160 Wn.2d 745, 754, 161 P.3d 956 (2007).

For instance, we have held that a party need not effect proper service of an answer, or even file an answer an all, in order to "appear" to be entitled to notice of a motion for default under CR 55(a)(3). See Lamb v. Lamb, 33 Wn. App. 2d 609, 616, 563 P.3d 465 (2025) (holding that emails to plaintiff's counsel entitled defendant to notice of motion for default); Sacotte Constr., Inc. v. Nat'l Fire & Marine Ins. Co., 143 Wn. App. 410, 416, 177 P.3d 1147 (2008) (holding that phone call to plaintiff's counsel after service of complaint entitled defendant to notice of motion for default). To effectuate the court's policy of disfavoring default judgments, "otherwise defend" as used in CR 55(a)(2) must similarly be construed broadly.

Here, Kerl filed his motion to dismiss and provided copies of the motion and supporting affidavit to the court and opposing counsel prior to the hearing on De Pasquale's motion for default. These actions fell well within a broad reading of the phrase "otherwise defend."

Because Kerl "otherwise defended" by filing a motion to dismiss prior to the hearing on De Pasquale's motion for default, Kerl was not in default and the trial court abused its discretion in entering a default order and subsequent judgment against him. And because Kerl was entitled to have the default judgment and order vacated as a matter of right, Duryea, 135 Wn. App. at 239, the court similarly

abused its discretion by not granting Kerl's motion to vacate. The decision of the trial court is reversed and the default order and judgment should be vacated on remand.[2]

B. Attorney Fees on Appeal

De Pasquale requests an award of attorney fees on appeal under RAP 18.1, RCW 59.18.650, and Seattle Municipal Code 22.205.070. RAP 18.1 allows us to award reasonable attorney fees or expenses "[i]f applicable law grants to a party the right to recover" such attorney fees or expenses. RCW 59.18.650 and Seattle Municipal Code 22.205.070 both permit the prevailing party to recover attorney fees and costs. Because De Pasquale is not the prevailing party, we deny his request for fees.

### III. CONCLUSION

We reverse, vacate the order of default and judgment, and remand for further proceedings.

Díaz, J.

WE CONCUR:

Birk, J.

Mann, J.

---

[2] Because we reverse the trial court on this ground, we do not consider any of Kerl's arguments under CR 60.