IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| LEXI JORDYN BLACK[†], <br><br>          Appellant, <br><br>      v. <br><br> VIRGINIA MASON MEDICAL CENTER, a Washington Non-Profit Corporation; LILY CHANG, M.D.; and DOES 1-20, <br><br>          Respondents. | No. 87419-5-I <br><br> DIVISION ONE <br><br> UNPUBLISHED OPINION |

DÍAZ, J. — Lexi Jordyn Black voluntarily dismissed a medical malpractice claim during trial. She then filed a second claim against the same defendants regarding the same conduct. They moved for summary judgment, arguing that the second lawsuit was barred by the statute of limitations. The court granted summary judgment. Black appeals. Finding no error, we affirm.

I.     BACKGROUND

On February 15, 2017, Black underwent a gastric bypass procedure,

---

[†] We note that at the time the appellant filed the first case in King County Superior Court, she was known as Natalie L. Hensley, but had changed her name to Lexi Jordyn Black by the time she filed the present case. We will refer to her in this opinion using her current name.

performed by Lily Chang, M.D., at Virginia Mason Medical Center. She experienced discomfort following the surgery and had it reversed by a different doctor on October 10, 2018. She continued to experience pain after the reversal. On February 21, 2021, she filed a lawsuit against Virginia Mason Medical Center, Dr. Chang, and other unnamed hospital employees (together, Virginia Mason). She alleged that the original surgery did not meet the requisite standard of care and that, as a result, she was permanently disabled and required ongoing treatment.

The trial by jury began on May 1, 2023. Although Black was represented when she filed the lawsuit, she appeared at the trial pro se. On May 8, Black informed the court that her expert witness would not be available to testify for three more business days. She moved the court to stay the trial until May 11. The court denied the motion, informing her "it was [her] responsibility to make sure that [she] had the appropriate evidence to prove [her] case."

Black then orally moved the court for a voluntary dismissal under CR 41(a)(1)(B), which the court granted. She asked the court to confirm that the dismissal was without prejudice, which it did.

Ten days later, Black moved the court for new trial, which the court denied. She then filed a notice of appeal. This court denied review because Black was not an aggrieved party. Black then petitioned our Supreme Court for discretionary review, which that Court denied.

Nearly two years later, on April 15, 2024, Black filed a second lawsuit pro se with identical claims against the same defendants. Four months later, Black

moved for default judgment, which the court denied.

Virginia Mason later filed a motion for summary judgment, claiming that Black filed this lawsuit after the expiration of the three-year statute of limitations. Following a hearing, the court granted summary judgment and dismissed the case with prejudice. Black timely appeals both the denial of her motion for default and the award of summary judgment.[1]

## II. ANALYSIS

As a preliminary matter, we note that Black appeals pro se. "Courts hold pro se litigants to the same standards as attorneys." In re Vulnerable Adult Pet. for Winter, 12 Wn. App. 2d 815, 844, 460 P.3d 667 (2020); see also In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993) (courts are "under no obligation to grant special favors to . . . a pro se litigant."). However, we liberally interpret our Rules of Appellate Procedure "to promote justice and facilitate the decision of cases on the merits." RAP 1.2.

### A. Default Judgment

Black claims that the court erred when it did not grant her motion for default judgment. We disagree.

We review a decision on a motion for default judgment for abuse of discretion. Morin v. Burris, 160 Wn.2d 745, 753, 161 P.3d 956 (2007). "'An abuse

---

[1] For clarity for this pro se appellant, the present (second) matter is under the trial court's 2024 cause number 24-2-08172-1 SEA. In the record for review, Black includes court papers and report of proceedings from her first case with the 2021 cause number, 21-02008-5 SEA. We may only consider issues that were before the trial court in the second case. RAP 9.12. We therefore do not address Black's claims of "coercive circumstances" in the first case and do not review the record for any alleged errors that may or may not have occurred in that case.

of discretion is present only if there is a clear showing that the exercise of discretion was manifestly unreasonable, based on untenable grounds, or based on untenable reasons.'" Mitchell v. Wash. Inst. of Pub. Policy, 153 Wn. App. 803, 821, 225 P.3d 280 (2009) (quoting Moreman v. Butcher, 126 Wn.2d 36, 40, 891 P.2d 725 (1995)).

Pursuant to CR 55(a)(1), a plaintiff may move for a default order against a defending party if the party "has failed to appear, plead, or otherwise defend as provided by these rules and that fact is made to appear by motion and affidavit." Where the defending party has appeared but has not otherwise filed a responsive pleading, the plaintiff may still move for a default order, provided that the plaintiff serves the motion for default and affidavit on the defending party five days before the hearing on the motion. CR 55(a)(3).

On April 17, 2024, two days after Black filed her complaint, Virginia Mason filed a notice of appearance. On August 19, 2024, Black filed a motion for default judgment. Black moved for a default because, although Virginia Mason had filed an appearance, it had not yet filed a responsive pleading under CR 7(a). Duryea v. Wilson, 135 Wn. App. 233, 238, 144 P.3d 318 (2006).

Virginia Mason filed an answer later that same day. Because it had filed an appearance before Black's motion was filed, Virginia Mason was permitted to file an answer "any time before the hearing on the motion." CR 55(a)(2). Once Virginia Mason filed an answer, it was no longer in default. Duryea, 135 Wn. App. at 239. The court correctly denied Black's motion for default judgment because Virginia Mason had appeared and answered.

"Default judgments are generally disfavored in Washington based on an

4

overriding policy which prefers that parties resolve disputes on the merits." Showalter v. Wild Oats, 124 Wn. App. 506, 510, 101 P.3d 867 (2004). When deciding whether a defendant is in default, the court should not "exalt[] form over substance" and should examine whether defendant "apprise[d] plaintiffs of the defendants' intent to litigate the cases." Morin, 160 Wn.2d at 755. The court did not abuse its discretion when it found that, because Virginia Mason had appeared and answered, it had communicated an "intent to litigate" and was not in default.

Black incorrectly asserts that, because Virginia Mason did not file an answer within 20 days of service, default "attached as a matter of course."[2] A default judgment may be entered only after the court finds the defending party in default. CR 55(b). By the time Black's motion was before the court, Virginia Mason had filed an answer and the court could not find it in default.

Black also argues that Virginia Mason was required to vacate the default before it filed additional pleadings, such as its motion for summary judgment. But since the court never entered a default order, Virginia Mason did not need to vacate any default. This assignment of error fails.

B.    Summary Judgment

Black argues that the court erred in granting Virginia Mason's motion for summary judgment. We again disagree.

Summary judgment is appropriate where the materials and evidence in the record "show that there is no genuine issue as to any material fact and that the

---

[2] Black quotes from Tiffin v. Hendricks, 44 Wn.2d 837, 847, 271 P.2d 683 (1954) in support of this claim. The quoted language does not appear in the opinion, nor does the holding of the case support Black's argument.

moving party is entitled to a judgment as a matter of law." CR 56(c); see Ranger Ins. Co. v. Pierce County, 164 Wn.2d 545, 552, 192 P.3d 886 (2008). We review orders on summary judgment de novo. TracFone, Inc. v. City of Renton, 30 Wn. App. 2d 870, 875, 547 P.3d 902 (2024).

Washington courts employ a two-step burden-shifting analysis to assess summary judgment motions. TracFone, 30 Wn. App. 2d at 875. First, the "party moving for summary judgment bears the initial burden of showing that there is no disputed issue of material fact." Haley v. Amazon.com Servs., LLC, 25 Wn. App. 2d 207, 216, 522 P.3d 80 (2022). Second, the "burden then shifts to the nonmoving party to present evidence that an issue of material fact remains." Id. "Stated otherwise, summary judgment gauges whether the nonmoving party has met their 'burden of production to create an issue' of material fact." TracFone, 30 Wn. App. 2d at 875 (quoting Rice v. Offshore Sys., Inc., 167 Wn. App. 77, 89, 272 P.3d 865 (2012)). We view all facts and reasonable inferences in the light most favorable to the nonmoving party. Elcon Constr., Inc. v. E. Wash. Univ., 174 Wn.2d 157, 164, 273 P.3d 965 (2012).

In Washington, medical malpractice lawsuits have a three-year statute of limitations from the act that caused the injury, or a one-year statute of limitations from the time the patient discovers the injury. RCW 4.16.350. "[S]tatutes of limitation reflect the importance of finality and settled expectations in our civil justice system." Fowler v. Guerin, 200 Wn.2d 110, 118, 515 P.3d 502 (2022).

In the complaint, Black alleges that the gastric bypass procedure that caused her injuries occurred sometime "prior to October 10, 2018." There is no

dispute that any date following October 10, 2021 is more than three years after the act that caused the injury. The latest day Black could claim discovery of the injury is the day she filed the first lawsuit, February 21, 2021. Any date following February 21, 2022 is more than one year after the discovery of the injury. Black filed her complaint for the suit at issue on April 15, 2024. Viewing the facts in the light most favorable to Black, Virginia Mason has met its burden to show that there is no disputed issue of material fact that she filed the complaint after the statute of limitations had expired. Haley, 25 Wn. App. 2d at 216.

At the summary judgment hearing, Black pointed to the ruling from this court which denied review for her first case. The ruling states, "Black asked the trial court to dismiss her case rather than reach the merits and nothing in the May 8 order appears to . . . prevent her from filing her suit to allow the court to ultimately reach the merits." Black argued that the ruling supports her argument that she may refile the same case despite the statute of limitations.

The trial court then reviewed the ruling from our Supreme Court, also denying review of the case. The Supreme Court explicitly addressed the statute of limitations issue: "Whether the action is now barred by the statute of limitations can be determined after Petitioner refiles her action, assuming she does so." The court therefore found that the circumstances of the previous case did not create an exception to the statute of limitations rule and granted summary judgment for Virginia Mason.

Effectively repeating the same arguments, Black now avers that the statute of limitations should not bar her suit because she relied on "explicit guidance from

7

both the appellate court and defense counsel that such refiling was proper under Washington law and equitable tolling principles." Nothing in the record supports this argument.

Black does not put forth or cite to any evidence in the record, as she must, supporting the allegations that defense counsel gave her guidance. Haley, 25 Wn. App. 2d at 216. Further, Black misinterprets the alleged "guidance" in this court's ruling denying review. This court did not rule that Black's voluntary dismissal extended the statute of limitations or created some kind of exception; it simply ruled that Black was not an aggrieved party of the dismissal she initiated.

Black next claims that summary judgment was improper because Virginia Mason asserted the statute of limitations defense for the first time in its summary judgment motion. Black is correct that, to avoid surprise, affirmative defenses may be waived if they are not affirmatively pled. Bickford v. City of Seattle, 104 Wn. App. 809, 813, 17 P.3d 1240 (2001). Virginia Mason, however, asserted a statute of limitations defense in its answer filed on August 19, 2024. Virginia Mason was therefore able to move, without surprise, for summary judgment based on the same affirmative defense. There was no surprise and this argument fails.

Finally, Black argues that the court should have applied the doctrine of equitable tolling to her case. Washington law allows a statute of limitations to be equitably tolled "only when it is consistent with the purposes underlying the governing statutory rules and when justice demands a departure from those rules." Fowler, 200 Wn.2d at 118. In addition to those requirements, the "predicates for equitable tolling" is a showing of "bad faith, deception, or false assurances by the

defendant and . . . the exercise of diligence by the plaintiff." Id. at 119 (quoting Millay v. Cam, 135 Wn.2d 193, 206, 955 P.2d 791 (1998)).

Black does not point to anything in the record, as she must, to show bad faith, deception, or false assurances by Virginia Mason. We need not address the other "conditions that must be present for a court to grant equitable relief by tolling the applicable statute of limitations." Id. Thus, this argument also fails.[3]

### III.    CONCLUSION

We affirm the trial court's order.

_Díaz, J._

WE CONCUR:

_____          _Cohen, J._

---

[3] Black also claims that the court's "cumulative procedural and constitutional violations" prevented her from "fairly presenting her claim to the jury" and show a "pattern of systemic denial of due process". She does not indicate where in the record these violations occurred, so we need not consider this argument. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (argument unsupported by reference to the record or citation to authority will not be considered). Moreover, "naked castings into the constitutional sea are not sufficient to command judicial consideration and discussion." Seven Gables Corp. v. MGM/UA Entertainment Co., 106 Wn.2d 1, 14, 721 P.2d 1 (1986) (quoting United States v. Phillips, 433 F.2d 1364, 1366 (8th Cir. 1970)).

9